## BILLINGS *v.* MORROW *et al.*

Where authority to perform specific acts is given by a power of attorney, and general words are also employed, such words are limited to the particular acts authorized.

A power to sell real estate must be so expressly stated.

A general ratification of all the acts of an attorney does not include acts not within the scope of the power. The principal who ratifies, must know the character of the acts to be ratified; otherwise, the ratification is void.

*Quære:* whether parol testimony is admissible to prove such knowledge; and if so, whether a deed from the principal to the purchaser of the land is not necessary to pass the title.

The principal is not bound to notice recorded conveyances executed in his name by his attorney, not authorized by the power.

APPEAL from the District Court of the Sixth Judicial District.

This was an action of ejectment to recover possession of a lot of land in the city of Sacramento. The plaintiff put in as part of his chain of title, a power of attorney, and a subsequent ratification, both of which are set forth in full, in the opinion of the Court, and the force and effect of which constitute the only question in the case. A motion for a nonsuit was made and overruled, and the jury found a verdict for the plaintiff, upon which the Court entered judgment accordingly. Defendants appealed.

*Ralston and Wallace* for Appellants.

It is admitted in argument, that the power of attorney is insufficient to sanction the deed, as made by the attorney. Our present effort shall, therefore, be to show that the deed of confirmation does not enlarge the power given by the letter of attorney.

The original power not authorizing the sale of land, it follows, that the deed by the attorney to Billings is simply void. It is no deed. Then how can a deed be made to Billings by mere operation of law without a conveyance to him. The principle by which land sold without title, and afterwards title is acquired, it shall inure to the benefit of the purchaser, will not apply in this case.

Then how is the title acquired by Billings? Not by virtue of his deed. For it was void, as we have seen, when it was made, and Sutter has not since sold the land, the title to which was in him, till the time of executing the confirmation.

The general terms used in this instrument, the order in which they are placed, show the great purposes of the instrument. It was to operate as a receipt between the principal and his agent. The instrument then goes on to show, that the acts of the agent done under the power, as such, shall be confirmed, and it confirms all the acts of the agent done in the name of the principal. This clause must be understood to refer to the subject-matter of the general agency before spoken of in the instrument, and about which the settlement had just then been made.

*Harmon & Sunderland* for Respondent.

If the power of attorney to Schoolcraft was inadequate to the sale of land, (upon which, see 4 Cal., 291, Sullivan *v.* Davis,) then we say:

The instrument of ratification confirmed all sales of land, though originally without authority.

The fact, that Sutter gives a solemn ratification of the acts of Schoolcraft, indicates that this ratification was of acts, beyond the power of attorney. Acts within the power, needed no confirmation.

But third persons were interested in having Sutter confirm things done without authority, and hence this instrument. And the law is, that such ratification relates back to the original act,

Billings *v.* Morrow.

and gives it the same force, in all respects, as if done by the principal himself.

In other words, the ratification inures to the benefit of third persons.  Story on Agency, § 244; 10 Geo., 362; 6 English, 378.

Again, the silence of Sutter for the seven years past; his not claiming the land in controversy, though a witness in this very suit, and testifying that the land was within his grant from the Mexican government, is evidence, that by this instrument, he intended to confirm real estate sales made by his agent.  5 Hill, 114; Story on Agency, §§ 255, 256.

The relation of agency existed, and it was natural that Sutter should ascertain from the public records whether his agent had sold land, and if so, what land; and the presumption is fair, that in ratifying the acts of his agent, the principal knew the extent of these acts.

Finally; the language of the ratifying instrument is peculiarly strong, and points forcibly to the same conclusion : " Hereby ratifying whatsoever he may have done in my name, or under my seal, at any time heretofore."

This language is not in the ordinary form of confirming, " all acts done in the execution of the foregoing power," but seems designed to ratify all acts whatsoever.

And, when taken in connection with the silence of Sutter ever since, now about seven years, amounts, we submit, to conclusive evidence, that it was used with express reference to the acts of Schoolcraft supposed to be beyond the power of attorney.

Murray, C. J., delivered the opinion of the Court—Terry concurring.

This was an action of ejectment in the Court below.

The plaintiff deraigns his title from John A. Sutter, Sr., through sundry mesne conveyances, the first of which purports to have been executed by virtue of a power of attorney from Sutter to Henry A. Schoolcraft, dated the twenty-eighth of July, 1849, which is in the following words, viz.: " John A. Sutter to Henry A. Schoolcraft : Know all men by these presents, that I, J. A. Sutter, have this day made, constituted, and appointed Henry A. Schoolcraft my true and lawful attorney, for me and in my name to superintend my real and personal estate, to make contracts, to settle outstanding debts, and generally to do all things that concern my interest in any way, real or personal whatsoever, giving my said attorney full power to use my name to release others or bind myself, as he may deem proper and expedient; hereby making the said Schoolcraft my general attorney and agent, and by these presents ratifying whatsoever my said attorney may do by virtue of this power.   In witness whereof, I have hereunto set my hand and seal, this twenty-eighth day of July, A. D. 1849.   J. A. Sutter."

12

It requires but a glance at this instrument, to perceive that no authority is contained in it to convey real estate. The power is limited and special, and cannot be extended by implication to other acts more important in their character than those expressly provided in the body of the instrument.

The rule may be thus stated; that where the authority to perform specific acts is given in the power, and general words are also employed, such words are limited to the particular acts authorized.

This rule is too well understood to require illustration, and the learned counsel for the respondents did not seriously contend that the letter of attorney contained any power to sell real estate, but insisted, that the sale, though void or defective, was afterwards ratified by Sutter, by a subsequent deed executed by him on the twentieth of May, 1850, which is as follows, viz:

"John A. Sutter to Henry A. Schoolcraft: Know all men by these presents, that I, J. A. Sutter, of Hock Farm, in the territory of California, have this day made and concluded a final settlement with Henry A. Schoolcraft, my acknowledged agent and attorney in fact since the twenty-eighth day of July, A. D. 1849, for all the business matters and things in anywise appertaining to my interest, and upon such final settlement, I do hereby acknowledge myself held and firmly bound by all his acts as such agent and attorney in fact for me; hereby ratifying and confirming by these presents, whatsoever he may have done in my name or under my seal at any time heretofore, and also do I acknowledge the receipt in full of all sums of money, dues, obligations, and other things, of the said Henry A. Schoolcraft, belonging to me, on account of said agency and attorneyship in fact, and that on the part of the said Henry A. Schoolcraft, there is nothing due or owing to me up to the date of these presents. Witness my hand and seal, at Sacramento, California, this twentieth day of May, in the year of our Lord eighteen hundred and fifty.

(Signed.)                         J. A. SUTTER."

This paper does not, upon its face, purport to be a ratification of sales of land made by Schoolcraft, but a deed of settlement between Sutter and his agent, by virtue of the power, of the twenty-eighth July, 1849, in which he, Sutter, "acknowledges himself held and firmly bound by all his acts as such agent or attorney in fact," etc. So far as this deed goes, it can only be regarded as a settlement or adjustment of accounts between principal and agent, and does not contain a single word with regard to any acts of Schoolcraft, other than those done by authority of the power of attorney of July 28, 1849, to which reference is made.

It is a well settled rule, that a principal who ratifies the acts of his agent, must be made acquainted with the character of

those acts, and unless all the circumstances are made known to him, the ratification is void.

In the present case, it does not appear from the deed that Sutter knew that Schoolcraft had exceeded his authority by selling real estate; neither is the fact established by evidence aliunde. Whether parol evidence is admissible to establish this fact, is a question which we do not propose to examine in this case, as there was no attempt to introduce it on the trial, and as the question is of much importance to those claiming under similar titles, it is deemed advisable to withhold any expression of opinion until the point is directly presented.

In addition to this, another question of no little difficulty may suggest itself, viz.: Whether the deed to Schoolcraft, treating it as a confirmation, would inure to the benefit of those who had purchased from him, or whether a deed direct from Sutter to them would not be necessary.

As this case now stands before the Court, the plaintiffs cannot recover. The power of attorney contains no authority to sell land; the deed of ratification does not show upon its face, that Sutter knew how, or to what extent, the authority had been exceeded, and this fact is not established by any evidence whatever; neither was Sutter bound to take notice of the recorded conveyances by his attorney; first, because many of these records imported no notice, and second, because, not having given authority to sell, it was not reasonable to suppose his agent would transcend that authority.

Judgment reversed, and cause remanded.