[Civil No. 482.   Filed May 4, 1896.]

[44 Pac. 1088.]

## T. D. McGLASSEN et al., Defendants and Appellants, v. D. A. TYRRELL, Plaintiff and Appellee.

1. NEGOTIABLE INSTRUMENTS—PRINCIPAL AND AGENT — ACCEPTANCE OF ADVANCE INTEREST PAID BY PRINCIPAL—RELEASE OF SURETY—RECEIPT OF INTEREST BY AGENT OF PAYEE—RATIFICATION.—The payee of a note does not by receiving advance interest paid to his agent, who was not authorized to receive any advance interest, ratify the unauthorized act of his agent so as to release a surety upon the note, unless he had full knowledge when he received the interest that it had been paid to such agent before it was due.

2. SAME—ADVANCE INTEREST—RELEASE OF SURETY.—While the acceptance of interest in advance from the principal on an overdue note may operate as an extension of the time of payment, and thus release the surety, it is not conclusive.

3. SAME — PRINCIPAL OR SURETY — EVIDENCE — ONE TO WHOM CREDIT GIVEN PRINCIPAL.—Evidence that McGlassen went to borrow three hundred dollars, but that the lender only agreed to make the loan if Chandler would sign the note, is sufficient evidence to authorize a judgment against Chandler as the real party in interest, to whom the credit was given.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge.   Affirmed.

The facts are stated in the opinion.

John D. Pope, for Appellants.

Receiving a payment of interest in advance from the prin·cipal of a past-due promissory note, without the knowledge or consent of the surety, and without any express agreement as to the effect of the payment, operates in law as an extension of the note until the expiration of the time for which the interest is paid.   2 Brandt on Suretyship, sec. 352; *Crosby* v. *Wyatt,* 10 N. H. 322; *Woodburn* v. *Carter,* 50 Ind. 376; *Scott* v. *Saffold,* 37 Ga. 384; *Robinson* v. *Miller,* 2 Bush, 176; *Wakefield·*v. *Truesdale,* 55 Barb. 602; *Hollingsworth* v. *Tomlinson,* 108 N. C. 245; *Blayer* v. *Bundy,* 15 Ohio St. 57; *Grayson's Appeal,* 108 Pa. St. 581.

It was not necessary that plaintiff should have given his agent authority in advance to receive the interest before it was due. Accepting the interest from his agent was a ratification of the agent's act, and had the same effect as if he had authorized it beforehand; especially as plaintiff does not claim that he accepted the money in ignorance of any fact, or that he ever offered to rescind the act of ratification. His knowledge will be presumed, and the act of the agent binds him. *Blen* v. *B. R. and A. W. and M. Co.,* 20 Cal. 602, 81 Am. Dec. 132; *Kearns* v. *Olney,* 80 Cal. 100, 13 Am. St. Rep. 101, 22 Pac. 57; *Mitchell* v. *Finnell,* 101 Cal. 614, 36 Pac. 123; *Pennsylvania etc. R. Co.* v. *Bridge Co.,* 131 U. S. 371, 9 Sup. Ct. Rep. 770.

Cox & Street, and Millay & Bennett, for Appellee.

The unauthorized act of the agent in receiving the interest on the overdue note before the interest was due could not be imputed to the principal, and the principal (the plaintiff) could not by receiving the interest from the agent ratify the unauthorized act of the agent, Hickey, unless he had full knowledge at the time that he received it that the interest had been paid to his agent, Hickey, before it was due. See *Owings* v. *Hull,* 9 Pet. 607, where the court says: "No doctrine is better settled than this: That the ratification of an act of an agent, previously unauthorized, must, in order to bind the principal, be with full knowledge of all material facts. If the material facts be either suppressed or unknown, the ratification is treated as invalid because founded in mistake and fraud." See, also, *Coal Co.* v. *Coal and Iron Co.,* 16 Md. 546, 77 Am. Dec. 311; *Bryant* v. *Moore,* 26 Me. 84, 45 Am. Dec. 96; *Billings* v. *Morrow,* 7 Cal. 171, 68 Am. Dec. 235; *Karns* v. *Olney,* 80 Cal. 100; *Puget Sound L. Co.* v. *King,* 89 Cal. 237; *McClelland* v. *Whiteley,* 15 Fed. 322; Story on Agency, secs. 239, 242.

The receipt of interest in advance is not of itself sufficient evidence of a promise to extend the payment so as to release the surety. *Spigg* v. *Bank,* 10 Pet. 255; *Spigg* v. *Bank,* 14 Pet. 201; *Bank* v. *Gardner,* 57 Mo. App. 268; *Haydenville Bank* v. *Parsons,* 138 Mass. 53; *Hosea* v. *Rowley,* 57 Mo. App. 357; *Bank* v. *Lewis,* 8 Pick. 457, 19 Am. Dec. 343; *Bank* v.

*Bishop,* 6 Gray, 317; *Russell* v. *Brown,* 21 Mo. 51; *Bank* v. *Morrison,* 38 Mo. App. 485; *Bank* v. *Rollins,* 13 Mo. 202; *Bank* v. *Abbott,* 28 Me. 280; *Williams* v. *Smith,* 48 Me. 135; *Crosby* v. *Wyatt,* 23 Me. 156; *Bank* v. *Hill,* 10 Pick. 129; *Hansbergers* v. *Kinney,* 13 Gratt. 511.

HAWKINS, J.—Action on a promissory note for three hundred dollars, given on October 26, 1889, by McGlassen & Chandler to Tyrrell, interest payable quarterly. The loan was made through Hickey, agent for Tyrrell, who knew the loan was for the benefit of McGlassen, and that Chandler signed the note as surety for McGlassen. Quarterly payments of interest were made on said note as follows: February 24, 1894, $13.50; April 3, 1890, $13.50; August 29, 1890, $13.50. The second quarterly payment of interest was not due until April 26, 1890, and hence was paid twenty-three days in advance of the time it was actually due. The evidence shows that at the time Hickey made the loan to McGlassen he declined to do so until McGlassen offered Chandler's name on the note with his own. The payment of this interest was made by McGlassen to the agent, Hickey, nothing being said at the time about an extension of the note. Chandler did not know that this payment had been made in advance. Chandler, in his answer, pleaded that he was surety only, and that the plaintiff, for a consideration,—viz., the payment of such interest in advance,—had extended the time of the note without his knowledge or consent, thus releasing him. The court below gave judgment for the plaintiff against both McGlassen and Chandler. A motion was made for a new trial, which was denied, and Chandler appeals. Appellants specify the following as errors committed by the court below: (1) The court below erred in holding and deciding that the receipt of interest in advance by plaintiff, without the knowledge of appellant, did not operate as a release of the appellant; (2) the court erred in giving judgment for the plaintiff against the appellant; (3) the court erred in refusing appellant's motion for a new trial.

An examination of the record shows that the court below permitted all the witnesses to testify that Chandler signed the note as surety; and it does not appear in the record that the court held, as a matter of law, that the payment of the second

installment of interest in advance by McGlassen to Hickey, and its receipt by Tyrrell, would not release Chandler, the surety. It seems that the court was warranted in holding, from the evidence in this case, that, the payment having been made by McGlassen to Hickey without the knowledge either of Chandler or Tyrrell, the acceptance of the interest by Tyrrell did not release the surety, especially as Tyrrell testifies that Hickey was not authorized to accept interest in advance and thereby release the surety. The principal could not, by receiving the interest from the agent, ratify the unauthorized act of said agent, Hickey, unless he had full knowledge when he received the interest that it had been paid to said agent before it was due. "No doctrine is better settled, both upon principle and authority, than this: That the ratification of an act of an agent, previously unauthorized, must, in order to bind the principal, be with full knowledge of all the material facts." *Owings* v. *Hull,* 9 Pet. 607. In the case of *Hoffman Steam-Coal Co.* v. *Cumberland Coal etc. Co.,* 77 Am. Dec. 311, Mr. Chief Justice Le Grand, in speaking for the supreme court of Maryland, uses the following language: "The law governing questions of ratification, in cases like the present, is well settled. To render the act of ratification effective and conclusive, certain considerations are necessary. At the time of the supposed ratification, the principal must have been fully aware of every material circumstance of the transaction, . . . and his act of ratification must have been an independent and substantive act, founded on complete information, and of perfect freedom of volition." The following authorities hold the same way: Story on Agency, secs. 239, 242; *Bryant* v. *Moore,* 26 Me. 84, 45 Am. Dec. 96; *Billings* v. *Morrow,* 7 Cal. 171, 68 Am. Dec. 235; *Karns* v. *Olney,* 80 Cal. 100, 22 Pac. 57; *Lumber Co.* v. *Krug,* 89 Cal. 237, 26 Pac. 902; *McClelland* v. *Whiteley,* 15 Fed. 322; 1 Am. & Eng. Ency. of Law, 431. The evidence in this case would have authorized the court below in holding that Chandler was the real party in interest, to whom the credit was given. It is clearly shown that McGlassen went to Hickey to borrow three hundred dollars; that Hickey, representing Tyrrell in making the loan, agreed to make the loan if Chandler would sign the note. While the acceptance of interest in advance from the principal on an overdue note may operate as an extension of

the time of payment, and thus release the surety, it is not conclusive. Affirmed.

Rouse, J., and Bethune, J., concur.