Pugsley, J.
This is an action to foreclose a mortgage signed “Edward D. Moore” and “Zora C. Moore, by Edward D. Moore, her attorney in fact,” and executed and delivered by Edward D. Moore to the plaintiff. It was given to secure the individual note of *426 Edward D. Moore, dated June 6, 1898, for $20,000. The petition alleges that the mortgage was executed and delivered to .the plaintiff by the defendants, Edward D. Moore and Zora C. Moore. Zora C. Moore alone answers. She alleges that at the time of the execution.of the mortgage, and for several years prior thereto, certain lots described in the mortgage belonged to her, and she denies that she executed or delivered the said mortgage, and she denies that by reason of said mortgage the plaintiff has a lien upon the lots owned by her. She alleges that she did not sign, acknowledge, or execute either the note or .the mortgage.
The power of attorney given by Zora O. Moore to Edward D. Moore was offered in evidence. It is dated February 27, 1897, and was executed on that day in Berlin, Germany, and was recorded in the Lucas county recorder’s office March 17, 1897. The sole_ question to be decided is whether by this power of attorney Edward D. Moore was authorized by Zora C. Moore to give a mortgage upon her property to secure the payment of his individual note. It reads as follows":
“Know all men by these presents, that I, Zora C. Moore, of the city of Toledo, Lucas county, Ohio, have made, constituted, and appointed Edward D. Moore, of said city of Toledo, my true, and lawful attorney, for me and in my name, place, and stead, to sell and dispose of any and all real estate, lots, blocks, and lands of which I am seized in said city of Toledo, Lucas county, Ohio, hereby authorizing my said attorney to sell and dispose of my said real estate absolutely in fee simple, for such sums and to such .persons as he shall think fit.
“I also authorize and empower my said attorney for me and in my name, and as my act and deed, to subscribe for stock in any building and loan company, sign and execute notes and bonds and also to execute receipts, and also to. execute mortgage deeds on said real estate in Toledo, Ohio, to secure the payment of said reeipts, notes or bonds and the interest thereon.
“I also authorize my said attorney for me and in my name to sign, execute and deliver such deeds and conveyances for the- absolute sale and disposal, or for the purpose of incumbering, said real estate, with clauses of warranty, and such other clauses,, covenants and agreements as my said attorney shall think fit and expedient, and generally to execute and perform *427 any other act, deed, matter, or thing whatever, relating to the premises, fully, to-all intents and purposes as I might or could do in my own proper person in case these presents had not been made; giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and'about the premises, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof.”
In what may be called the first clause of the power of attorney, Zora C. Moore authorized Edward D. Moore, for her and in her name, to sell and dispose of her Toledo real estate absolutely and in fee simple. In the second clause she authorized him, for her and in her name, and as her act and deed, to subscribe for stock in any building and loan company; to sign notes and bonds and receipts, and execute mortgage deeds- on said Toledo real estate to secure payment of said notes and bonds and receipts. In the .third clause she authorized him, for her and in her name, to execute and deliver such deeds and conveyances for the absolute sale and disposal, or- for’ the purpose of incumbering said real estate, with clauses of warranty and such other clauses, covenants, and agreements as he should think fit and expedient; and in the last clause he is authorized generally to do and perform .any other act, deed, matter, or thing relating to the premises as fully as she might or could do personally in case these presents were not made.
The plaintiff relies solely upon .the third clause. It is conceded .that if the power to execute this mortgage was not conferred by the third clause, it did not exist. Of course all the clauses of -the power of attorney must be read and construed together; and when this is done it seems to be clear that it gave no authority for the execution of this mortgage. The third clause does not in terms authorize her agent to sell or incumber her real estate. The authority to sell was conferred in the first clause, and the authority to incumber was conferred in the second. Having in the two- first clauses authorized her agent to make absolute sales of her real estate and mortgage her'real'es *428 tate to secure payment of her notes and bonds, she then in the third clause authorized him to execute such deeds for the absolute sale, or for the purpose of incumbering her real estate, with such clauses, covenants, and agreements as he should think fit. The authorities that were cited upon the hearing establish two propositions:
First. A power of attorney authorizing one to give notes or execute mortgages in the name of the principal will be construed as extending only to notes and mortgages given in the business of the principal or for his benefit. If it is intended that the agent may give notes and mortgages for his own benefit or the benefit of third persons, the power of attorney must expressly so declare. Some of the authorities sustaining that proposition are Nippel v. Hammond, 4 Colo., 211; North River Bank v. Aymar, 3 Hill (N. Y.), 262; Stainer v. Tysen, 3 Hill (N. Y.), 279; Hewes v. Doddridge, 1 Robinson ,(Va.), 143; Morris v. Ewing, 8 N. Dak., 99; Campbell v. Home Assn., 163 Pa. St., 609; Wilson v. Wilson-Rogers, 181 Pa. St., 80. I will read from Nippel v. Hammond, supra, -the first paragraph of the syllabus:
“All written powers are to be somewhat strictly construed. An agent’s authority -to act must be found in express words or by necessary implication in the power. A general power to incumber real estate, without declaring for whose benefit it-may be incumbered, will not warrant the attorney in incumbering it for the benefit of himself or any third person.”
The power of attorney in question in this ease was as follows— given by H to B:
“Know all men by these presents, that I, H, of .the county of Park, in- the territory of Colorado, have made, constituted and appointed, and by these presents do make, constitute and appoint B, of the county of Arapahoe, in the territory of Colorado, my true and lawful attorney for me and in my name, place and stead, to sell and convey by warranty deed, or deed of trust, or by deed of mortgage, or to lease for one or more j^ears, not exceeding three, as my said attorney may deem most advisable or proper in the premises, certain real estate (describing it), giving and granting unto my said attorney full power and authority to sell and convey the aforesaid described lands by warranty deed, or deed of trust, or deed of mortgage, or to lease and rent. *429 for one or more years, not exceeding three, as my attorney may deem most advisable or proper in the premises, and to that end sign my name to any conveyance or lease he may make to said lands, and to do and perform,” etc.
The court say, page 213:
“In August, 1873, B procured a loan of $2,000 from Abraham A. Hammond for which sum he executed his individual note, the payment of which was' secured by trust deed on said premises executed by B and his wife, and by TI, through B, his attorney in fact.
“Our first inquiry will be directed to a consideration of the power of attorney under which B acted in executing the deed of trust. By the power of attorney, B was authorized ‘ in .the name, place and stead’ of his principal ‘to sell and convey the premises by warranty deed, or deed of trust, or by deed of mortgage, as he might deem advisable’; the trust deed was executed for the sole purpose of securing the individual note of B. It is recited in the deed that, ‘B has executed one promissory note, payable to the order of A. A. Hammond.’
“All written powers are to be somewhat strictly construed. An agent’s authority to act must be found in express words or by necessary implication in the .power.
‘ ‘ If the agent transcends the prescribed limits of the authority, the act is nugatory. By an inspection of the record, Mr. Hammond could have learned the extent to which and the purpose for which B was empowered to act by virtue of the letter of attorney, and of its legal effect he was bound to take notice at his peril. There is neither in terms or by implication any delegation of authority to the attorney to incumber the property for the benefit of any other person than his constituent. The power conferred is clearly a power to act for, in the name and for the benefit of the principal. A general power to incumber real estate without declaring for whose benefit it may be incumbered, will not warrant the attorney in incumbering it for the benefit of himself or any third person. It hence results that the deed of trust was ineffectual to convey IT’s interest in the premises described therein.”
No authority was cited to the contrary. Under these decisions a general authority to mortgage the principal’s real estate woiild not authorize a mortgage to secure the agent’s individual debt; so that this third clause, if it is to be construed as specifi *430 eally authorizing the agent to incumber the principal’s land, would not authorize the giving of this mortgage.
Second. "Where authority to perform specific acts is given, and general words are also employed, such general words are limited to the particular acts authorized. Some of the authorities sustaining that proposition are Pollock v. Cohen, 32 Ohio St., 514; Cleveland v. Bank, 16 Ohio St., 236; Rountree v. Denson, 59 Wis., 522; Billings v. Morrow, 7 Cal., 171.
ITere by .the first and second clauses of the power of attorney specific authority was given to make absolute sales and to execute mortgages on the principal’s property to secure her notes and bonds. By the third clause authority is given to the agent to execute such deeds, containing such covenants and agreements as he shall see fit for the absolute sale, or for the purpose of incumbering the principal’s property. These general words, “for the absolute sale, or for the purpose of incumbering,” refer to the absolute sale and incumbrance specifically authorized in the first two clauses.
It is said that some effect must be given to the third clause, and that if the word “incumber” means the same thing as the giving of mortgages mentioned in the second clause, then the third clause is superfluous. It will probably be conceded that the words “absolute sale” in the third clause, refer to the specific power of absolute sale given in the first clause, and mean the same thing. If it was proper to repeat this, why not the clause as to the mortgages? But the object of the third clause, as is apparent, was to give to the agent the specific power of inserting in the deeds such covenants and agreements as. he should think best and not to again authorize a sale or mortgaging of the property. No doubt it was thought that he could not bind his principal by special covenants and agreements without express authority, and while it is an open disputed question, the majority of the decisions hold that an express authority must be given. That is a sufficient reason for the third clause, if one is necessary.
It is conceded that the only question to be decided is the proper construction of this power of attorney, to be determined from an inspection of the instrument. There are- no faots out *431 side of the instrument to be considered. After giving to the case such consideration as its apparent importance demands, I •am unable to construe the power of attorney as conferring authority to execute this mortgage, and am therefore compelled to hold that the mortgage is void as to Zora C. Moore.
T. J. McDonnell and R. Waite, for plaintiff.
C. W. Everett, contra.