[Sac. No. 945.   Department One. — August 13, 1901.]

JAMES BEN ALCORN et al., Appellants, v. ADOLPH BUSCHKE et al., Respondents.

POWER OF ATTORNEY — AUTHORITY TO SELL SUBJECT TO APPROVAL — UN-AUTHORIZED DEED. — A power of attorney to sell land may properly make the authority for the sale subject to the approval of the donor of the power; and an unapproved deed of land, executed without consideration by the attorney in fact, purporting to act under such power, is unauthorized and void.

ESTATES OF DECEASED PERSONS — PARTIAL DISTRIBUTION — PETITION OF ADMINISTRATOR — JURISDICTION. — The superior court has no jurisdiction to decree a partial distribution of the estate of a deceased person upon the petition of the administrator, and such decree is void.

ACTION TO QUIET TITLE — PLEADING — DEMURRER TO COMPLAINT — PRO-TECTION OF DEFENDANTS AS BONA FIDE PURCHASERS. — In an action to quiet title, where the complaint sets up the plaintiffs' title, and states facts showing *prima facie* that the claim of the defendants is without right, it is sufficient as against a demurrer. If the defendants would claim protection as *bona fide* purchasers, it devolves upon them to aver and prove that fact; and the question cannot arise upon demurrer to the complaint, if it does not show that the defendants are such purchasers.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Edward I. Jones, Judge.

The facts are stated in the opinion.

John B. Hall, and J. F. Ramage, for Appellants.

Buck, Miller & Clark, for Respondents.

SMITH, C. — The appeal is from a judgment for the defendants on demurrer to the complaint, the plaintiffs declining to amend.   The suit was to quiet plaintiffs' title to the west half of the northwest quarter of section 34, township 2 south, range 5 east, Mount Diablo base and meridian, situate in the county of San Joaquin; and to recover possession of the same.

The plaintiffs deraign title, as to two thirds of·the land in question, as heirs of one McKinney, who died seised of this and other lands, April 8, 1893, and as to the other third, under a deed from one Sebree, the remaining heir, of date

June 6, 1890. The defendants' deraignment of title is as follows: 1. Power of attorney executed by the plaintiffs and Sebree to one Kyle, June 5, 1893, recorded June 30, 1896; 2. Deed purporting to convey the land in question, executed by Kyle, in the name of his principals, to Olive A. Jennings, June 26, 1896, recorded July 1, 1896; 3. Deed from Jennings to the defendants, of date October 17, 1896, purporting to convey the same land; 4. Decree of the superior court of the county of San Joaquin, in the matter of the estate of McKinney, of date August 20, 1897, on petition of administrator for partial distribution, distributing the land in controversy to the defendants' grantor, Jennings.

The questions involved in this appeal relate,—1. To the construction of the power of attorney above referred to, and the validity of the deed executed by Kyle to Jennings; and 2. To the validity and effect of the decree of distribution.

1. The power of attorney (omitting immaterial matter) is as follows:—

"Know all men by these presents, That we, Dudley Sebree, Timothy Masterson, and Jas. Ben Alcorn (colored), of Louisville, Kentucky, half brothers of the late Joseph McKinney (colored), deceased, of San Joaquin County, California, . . . have made, constituted, and appointed, and do by these presents make, constitute, and appoint, J. H. Kyle our true and lawful attorney, for us and in our name, place, and stead to sell, convey, and make, execute, acknowledge, and deliver, a good and sufficient warranty deed, in our name or behalf, or any other such deed or conveyance as in his judgment he may deem fit or proper, for such price or prices and upon such terms and conditions as he may deem best, to any and all interest that we may have, as half brothers and heirs at law of Joseph McKinney, deceased, of, in, and to the following described land, subject to our approval, to wit [here follows description, including, besides lands specifically described, all lands and personal property belonging to the estate]. Giving him full power and authority [to institute and defend suits, etc.] to submit any matter in dispute respecting the premises to arbitration, and otherwise and generally to say, do, act, transact, and determine, accomplish, and finish, all matters and things whatsoever concerning the complete recovery or alienation of any interest we may have, legal or equitable, in

said premises, or any other land, as aforesaid. Giving and granting unto our said attorney full power and authority [etc.]; hereby ratifying and confirming all that our said attorney may or shall lawfully do or cause to be done by virtue hereof."

It is alleged in the complaint that the deed of October 17, 1896, to the defendants' grantor, Jennings, was made without the knowledge or consent of the plaintiffs, and that neither of them has ever approved the same, and also that the deed was not made in pursuance of a sale to Jennings, nor was any money or other valuable consideration given therefor; and it is now claimed by the appellants that the transaction was void, both because of the want of plaintiffs' approval and for want of consideration. Either ground, we think, is sufficient to sustain the contention.

With regard to the latter, it must be regarded, in this state, as settled, that a power to sell and convey does not authorize a conveyance without sale, or in other words, without consideration. Hence such a conveyance is void, because in excess of the power. (*Billings* v. *Morrow*, 7 Cal. 171;[1] *Dupont* v. *Wertheman*, 10 Cal. 368; 1 Notes on Cal. Rep. 482; *Randall* v. *Duff*, 79 Cal. 115, 125.) The decision in *Frink* v. *Roe*, 70 Cal. 296, is not in conflict with this conclusion, but rather supports it. In that case, the deed in question was a deed executed by the attorney, in trust, for the benefit of the creditors of a firm of which he was a member (p. 306), and was held to be void (pp. 312, 313). There is, indeed, an intimation that where "it appears upon the face of the deed, when compared with the power, that he [the attorney] has complied with the requirements of the power, the legal title will pass to the grantee" (p. 312); but this was a mere *dictum*, and is in conflict with the previous decision in *Billings* v. *Morrow*, 7 Cal. 171,[1] and the subsequent decision in *Randall* v. *Duff*, 79 Cal. 125, in each of which the deed in question, as expressed, was for valuable consideration.

It is indeed said in the latter case, and implied in the former, that the apparent title is in the grantee, and that subsequent purchasers for value, without notice of the facts, will be protected. But here, as in *Dupont* v. *Wertheman*, 10 Cal. 368, it may be said, "the question of protection to a *bona fide* purchaser without notice, relying on the form of the deed, cannot

[1] 68 Am. Dec. 235.

arise"; for it does not appear that the defendants are such purchasers. To entitle them to protection as such, it will therefore devolve upon them to aver and prove the fact. (*Wilhoit* v. *Lyons*, 98 Cal. 409, 413; *Eversdon* v. *Mayhew*, 65 Cal. 163; *Isenhoot* v. *Chamberlain*, 59 Cal. 630.)

With regard to the construction of the power, it was held by the court below that the clause, "subject to our approval," is repugnant to the powers granted, and is therefore to be rejected. (Civ. Code, secs. 1650, 1653.) But, waiving the consideration that we are here dealing with a power granted for the benefit of the principals, and not with a contract, it cannot be assumed, in view of the qualifying clause, that there was any intention to give an unqualified and unlimited power to the attorney to deal with the property of his principals. Hence, were there such repugnancy as is supposed, it would be more reasonable to regard the instrument as void, than—in order to make it avail—to give to it an interpretation obviously beyond the intention of the parties executing it. But, indeed, we do not perceive any inconsistency or repugnancy between the two clauses, or that the intention of the parties was otherwise than as expressed; nor, as is in fact illustrated by the case presented, can the terms imposed on the attorney in executing the power be regarded as unreasonable; nor is there anything in the general expressions used in the sequel—which refer only to anticipated litigation—to affect this conclusion. This discussion, it will be observed, refers only to the original interests of the plaintiffs. As to the interest acquired from Sebree,—with reference to whom there are no allegations as to absence of approval, etc.,—the case may be different. This, however, does not affect the sufficiency of the complaint.

2. As to the validity of the decree of distribution, no argument is advanced by the respondents' counsel, or, rather, argument is expressly declined. But, clearly, the proceeding, which was on the petition of the administrator for partial distribution, was without jurisdiction, and the judgment void. (Code Civ. Proc., sec. 1658; *Estate of Letellier*, 74 Cal. 311.) A question, indeed, might perhaps arise as to the interest of the plaintiffs acquired from Sebree, who was the administrator, but this would not affect the sufficiency of the complaint.

I advise that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint.

Van Dyke, J., Harrison, J., Garoutte, J.