[Civ. No. 1401. First Appellate District.—December 10, 1914.]

DUDLEY SEBREE et al., Appellants, v. C. L. THOMPSON et al., Respondents.

ACTION TO QUIET TITLE—UNAUTHORIZED CONVEYANCE BY ATTORNEY IN FACT—RATIFICATION.—In this action to quiet title, where defendants claim under a certain deed executed by the attorney in fact of the plaintiffs, in settlement of certain litigation, it is held that while the attorney was not authorized, under the express terms of the power of attorney to make the conveyance, the same was executed with the knowledge, consent, and approval of the plaintiffs, and hence was ratified by them.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellants.

Everts & Ewing, and George Cosgrave, for Respondents.

THE COURT.—This is an appeal by plaintiffs from a judgment in favor of defendants in an action to quiet title.

Joseph McKinney, who was a resident of San Joaquin County, state of California, died there on April 8, 1893, leaving a will, by the terms of which he left his real and personal property to Olive Jennings. He was of negro blood, born in slavery, and was a half-brother of the plaintiffs in this action. They had scarcely remembered him and had lost trace of him. The defendant, J. H. Kyle, who was an attorney practicing in Missouri, having become aware of the terms of McKinney's will and of the conditions of the estate, looked up his half-brothers; and after having imparted to them the information he possessed concerning the estate, they and he entered into a contract by the terms of which he was to contest the probate of the will, and to receive for his services a certain specified amount provided he was successful. At the same time they executed to him a power of attorney, which vested him with certain authority concerning sales and conveyances of property, and the commencement and settlement of lawsuits. The will of McKinney had in the mean time been admitted to probate, and Kyle, who had come to California immediately upon the execution of the contract and power of attorney, after a fruitless effort to effect a compromise with Olive Jennings, filed a petition for the revocation of the probate of the will. This proceeding resulted in a judgment revoking such probate. In due time an appeal was perfected to the supreme court by the proponent of the will, and the contestants, apparently fearing the result of the appeal, effected a compromise with Olive Jennings in 1896, under the terms of which the appeal was dismissed, and she received under the compromise a conveyance of certain lands belonging to the estate. As a part of the same transaction a certain other portion of the estate was conveyed to Kyle in settlement for the legal services he had rendered to plaintiffs. The conveyances thus made were made by Kyle as the attorney in fact for the plaintiffs. Kyle's codefendants claim through him. It is the

validity of the deed to Kyle that is questioned in this proceeding.

It has been held in two cases springing out of this transaction that Kyle was not authorized, under the express terms of the power of attorney, to make a conveyance of any of the lands of the estate. (*Alcorn* v. *Buschke,* 133 Cal. 655, [66 Pac. 15] ; *Alcorn* v. *Gieseke,* 158 Cal. 397, [111 Pac. 98].) But it was held in the latter case—as we hold in this (the facts being substantially the same)—that the deed in question was executed by Kyle with the knowledge and consent of the plaintiffs, and hence was ratified by them. True, according to the plaintiffs' testimony, there was no ratification of the acts of Kyle, but on the other hand the evidence shows that they accepted their share of the property and exercised acts of ownership over it, and acquiesced in the division made for eleven years. One of the brothers was here on the ground looking after their interests during the negotiations of settlement and actively participated in effecting the compromise and division of the estate. Kyle also testified that the plaintiffs residing in the east were kept informed by letters of each of the steps taken in the whole matter, and in particular concerning the negotiations for a compromise of the litigation and of the settlement thereof; and that they by letters approved of what he had done in this regard. True, these last mentioned letters were lost in a fire which destroyed Kyle's office, and therefore could not be introduced in evidence; but this only affected the weight of the evidence. Any further discussion of the evidence is unnecessary, especially as a very complete review of the same is to be found in the case of *Alcorn* v. *Gieseke,* 158 Cal. 397, [111 Pac. 98]. From these considerations it appears that the finding upholding the validity of the deed in controversy is supported by the evidence.

Other points in the case, challenging the sufficiency of the pleadings on behalf of the defendants, have less merit than the one just discussed, and accordingly no comment need be made upon them.

Judgment affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1915.