52   348
79   413

[No. 5078.]
CHARLES McFADDEN v. FREDERICK S.
ELLMAKER.

DECLARATIONS OF GRANTOR OF LAND.—When one derives title to land from
    another, the declarations of the grantor in relation to his right, made while
    holding the title which he transferred, are admissible in evidence against
    the grantee.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover an undivided one-fourth of a tract of land lying at the southeast corner of Guerrero and Nineteenth streets, San Francisco. Charles McFadden, Sr., was residing on the land with his family in 1854, and until he died, in 1858. He left, surviving him, his wife Mary and two children, of whom the plaintiff was one. Patrick McFadden was a brother of Charles, Sr. He rasided in San Francisco, and in October, 1857, one Conrad Neun acquired his title to the demanded premises. He died before the commencement of this action, and the defendant had succeeded to Neun's title. The defendant recovered judgment, and the plaintiff appealed. The other facts are stated in the opinion.

*Frank O'Connor* and *Walter H. Tompkins*, for the Appellant.

*William Hayes, George R. B. Hayes,* and *H. E. Highton,* for the Respondent.

By the COURT:

The plaintiff proved an actual, prior possession by his ancestor. The defendant deraigned his right from one Patrick McFadden, and introduced a witness who testified to admissions of Charles McFadden Sr., plaintiff's ancestor, made while in possession, to the effect that he held under Patrick.

In rebuttal, plaintiff offered to prove that Patrick McFadden, prior to the transfer of his alleged right, had made certain statements tending to admit that Charles Sr., plaintiff's ancestor, was the owner of the premises, or a portion of them, and in possession in his own right. The Court below sustained an objection to the offer. This was error. Sec. 1849 of the Code of Civil Procedure is as follows: "Where, however, one derives title to real property from another, the decleration, act, or omission of the latter, while holding the title, in relation to the property, is evidence against the former."

It is not necessary to decide in this case whether the declaration of the third party would be admissible were such person still living.

Nor is it necessary to decide whether, under the Code, the declaration would be admissible where it was incompatible with the rule that parol evidence is not admissible to vary dispositive writing. (Whart. Law of Ev. sec. 1156.) In the present case the plaintiff and defendant relied upon possession alone, and no conveyance or writing purporting to be executed by Patrick McFadden to plaintiff or his ancestor was offered or introduced.

The action is maintainable by the heir, notwithstanding the pendency of an administration. (Code of Civil Procedure, sec. 1452.)

Judgment reversed and cause remanded for a new trial.