[Department One. — January 2, 1883.]

JOHN L. MOORE, Appellant, v. EDWARD M. JONES ET AL., Respondents.

Husband and Wife — Community and Separate Property — Conveyance to Wife — Presumption. — Real estate conveyed to a married woman for a money consideration expressed in the deed is presumed to be community property, but this presumption is not conclusive. It may be overcome by evidence that the purchase was made with her separate money, and such evidence is admissible against a purchaser from the husband after the death of the wife.

Id. — Deposit — Agency — Trust. — Money of the wife deposited with the husband, and mingled by him with the moneys of other persons in his possession, does not lose its character as her separate money. In such a case the husband becomes the agent and trustee of the wife and not merely her debtor. Property purchased in her name and at her request by the husband acting as her agent, and paid for out of her portion of the common fund thus created, is her separate property.

Id. — Declarations of the Husband. — For the purpose of showing that the money used in making the purchase was the separate money of the wife, declarations of the husband made prior to the conveyance by him are competent evidence.

Id. — Finding — Sufficiency of Evidence. — The court below found in substance that the purchase was made, and the property improved with money belonging to the wife as her separate estate. Held, that under this finding the property must be regarded as the separate estate of the wife; and on a review of the evidence, held further, that it was sufficient to support the finding.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought by the purchaser from the husband to quiet title.   The facts are stated in the opinion of the court.

*Shafter, Parker & Waterman,* for Appellant.

1. The defendants must establish the fact beyond reasonable controversy that the money which was paid to Sullivan and to the fund commissioners was her separate estate, or the property must be deemed common. (*Gamber* v. *Gamber*, 18 Pa. St. 363; *Stanton* v. *Kirsch*, 6 Wis. 341.)

2. The whole case shows that Mrs. Jones was simply her husband's creditor, no trust existing between them. (7 R. I. 481; *Gibson* v. *Foote*, 40 Miss. 788 ; *Northington* v. *Faber*, 52 Ala. 45; *Rowland* v. *Blumer*, 58 Ala. 193; *Taney* v. *Wilson*, 63 Md. 493 ; *Thomas* v. *Thomas*, 45 Miss. 263 ; *Shaeffer* v. *Fithian*, 26 Ohio St. 262; *Logan* v. *Hall*, 19 Iowa, 501; *Roach* v. *Bennett*, 24 Miss. 104; *Peck* v. *Brummagim*, 31 Cal. 447.)

3. The effect of commingling the money was to make it the property of Jones. (*Vreeland* v. *Administrators*, 16 N. J. Eq. 523; *Glover* v. *Alcott*, 11 Mich. 479 ; *Meyer* v. *Kinzer*, 12 Cal. 247; *Pixley* v. *Huggins*, 15 Cal. 131; *Ramsdell* v. *Fuller*, 28 Cal. 42; *Riley* v. *Pehl and wife*, 23 Cal. 71 ; *McDonald* v. *Badger*, 23 Cal. 394; *Tustin* v. *Faught*, 23 Cal. 237.)

4. There were many errors committed by the court below in admitting testimony.   (1) Admitting Jones' statement as to the person for whom he was buying the premises; (2) similar statements testified to by Mrs. C. A. Phelps, made not on the land nor as part of the act of purchase or payment. (*McFadden* v. *Ellmaker*, 52 Cal. 348.)

*A. N. Drown,* and *W. H. L. Barnes,* for Respondents.

McKEE, J.—In this case it appears that on the 28th of February, 1858, John Sullivan, being in possession of the lot of land in controversy, sold and conveyed it to Mary R. Jones by a deed which recited a consideration of two thousand seven hundred and twenty-five dollars.   The grantee named in the

deed was at the time the wife of Edward Jones. Under the deed she and her husband entered into possession of the lot, and fenced it and built upon it a dwelling-house, in which the family resided. While in possession application in the name of the wife was made to the commissioners of the funded debt of the city and county of San Francisco, for title to the lot, under the provisions of an act of the legislature of California, approved April 14, 1862; and the commissioners conveyed the lot in the name of Mrs. Jones by a deed reciting a consideration of five hundred dollars. On the 7th of January, 1864, Mrs. Jones died, leaving surviving her her husband and three children — one of whom has since died, and the other two are the defendants and respondents in this case.

On the 12th of April, 1865, the surviving husband conveyed the premises by deed to the plaintiff and appellant, who brought the action in this case against the children to quiet his title to the lot.

From the fact that the Sullivan deed and the deed by the commissioners of the funded debt were made during coverture, in the name of the wife, the presumption arises that the property thus acquired was community property, which, upon the death of the wife, belonged, without administration, to the surviving husband, who had the right to dispose of it (§ 1401 Civ. Code); but that was a controvertible presumption, subject to be rebutted by proof that the consideration moneys, recited in the deeds, were paid out of the separate funds of the wife; and the plaintiff as purchaser of the property from the husband, who was not named in the deed, took with notice that the purchase money may have been paid by the wife, with the moneys belonging to her separate estate, and that the property was the separate property of the wife. Of course a contestant of the presumption that property thus acquired.is community property must overcome that presumption by satisfactory proof to the contrary; hence it was incumbent on the defendants to establish that the moneys which were paid to Sullivan and the fund commissioners for the lot were of the separate estate of their mother to whom the deed was made during coverture.

The court found that the moneys with which the lot was purchased and improved were the separate estate of Mrs. Jones.

That fact being established, the land and premises were her separate estate; and as she died intestate, and seized of them at her death, they descended to her heirs — her surviving husband and three children — and were vested in them in the following proportions: One third thereof in Edward Jones, the surviving husband, and two ninths in each of the three children — the death of one of the children afterwards leaving the entire two thirds interest in the surviving children; therefore, the plaintiff by his deed from Edward took only an undivided one third interest in the property.

It is, however, claimed that the evidence was insufficient to sustain the finding and decision of the court, that the property was purchased with the separate funds of Mrs. Jones, and that it became her separate estate; but we think the proof abundantly established both. It was clearly established that Mrs. Jones had received, during coverture, from the estate of her father, Jacob S. Moore, deceased, over twenty thousand dollars in coupons and bonds, bank certificates and drafts, the moneys realized from which she deposited with her husband. At the same time the husband was in the habit of receiving moneys from many parties, which he kept with the money of his own and of Mrs. Jones mixed indiscriminately in his safe; and when the property in controversy was purchased, he paid for it with money withdrawn from the mixed fund. But the purchase was made for her and in her name, and the purchase money was paid out of her separate funds by the husband, as her agent, "at her desire and request," and it was in effect a payment made by herself. (*Drais* v. *Hogan*, 50 Cal. 121.) The fact that the husband had commingled her money with the moneys of other persons did not divest her of her rights to her separate fund. It was in the hands of the husband as her agent and trustee, who was entitled by law to the control and management of it. Commingling it with the money of others did not destroy it as her separate property, nor change the relation of trustee and *cestui que trust* as to its custody, to that of debtor and creditor. "Money has no ear marks, and for that very reason the mingling of trust with private funds can injure no one. The value being the same, and it being matter of the most perfect indifference whether parties get the same or other coin, so they get the

sum to which each is entitled, there can result no injury to any one. Common sense will not discuss the question of identity, when nothing useful can result from its determination." (*Gunter* v. *Janes*, 9 Cal. 660; *Lathrop* v. *Bampton*, 31 Cal. 17.)

There was no error in admitting in evidence declarations made by the husband to the different witnesses, that the money with which the property was purchased belonged to the wife as her separate property. The declarations to that effect to the witness Sullivan, from whom the property was purchased, at the time of the purchase, were part of the *res gestæ* (*People* v. *Vernon*, 35 Cal. 49; § 1850, Code Civ. Proc.); and those made to the other witnesses were admissible as the declarations of a grantor made in relation to the property, while holding title to it against the plaintiff as his grantee. (§ 1849, Code Civ. Proc.; *Ingersoll* v. *Truebody*, 40 Cal. 603; *Stanley* v. *Green*, 12 Cal. 148; *McFadden* v. *Ellmaker*, 52 Cal. 348.)

Judgment and order affirmed.

Ross, J., and McKinstry., concurred.