[No. 9769.  Department One. —August 22, 1885.]

MIRANDA R. TRYON, RESPONDENT, v. J. L. HUN-
TOON, ADMINISTRATOR, ETC., OF E. L. BILLINGS,
DECEASED ET AL. L. N. AND D. D. BILLINGS,
APPELLANTS.

DEED — CONSIDERATION MOVING FROM STRANGER — TRUST — PRESUMPTION — EVI-
DENCE. — When a transfer of real property is made to one person, and the con-
sideration is paid by or for another, the presumption of a trust in favor of the
person by or for whom the payment is made may be rebutted by evidence show-
ing a different intention between him and the grantee.

ID. — UNCERTAINTY OF DESCRIPTION. — A deed describing the property intended to
be conveyed as "three fractions of lot seven, J and K, Fourth and Fifth streets,
Sacramento City," is void for uncertainty.

ID. — COLOR OF TITLE — POSSESSION — STATUTE OF LIMITATIONS. — Such a deed is
sufficient to give color of title, and possession under it for the requisite time will
give a perfect title under the Statute of Limitations.

ACTION TO QUIET TITLE — HEIRS MAY MAINTAIN OR DEFEND — JOINDER OF ADMIN-
ISTRATOR — DISMISSAL. — An action to quiet title to land, under section 1452 of
the Code of Civil Procedure, may be maintained or defended by the heirs of a
deceased intestate in their own name, without joining the administrator; and
where the administrator is originally joined as a defendant with the heirs, and
judgment is rendered against them, an order dismissing a motion for a new
trial as to the administrator is without injury to the heirs.

APPEAL from a judgment of the Superior Court of Sacra-
mento County, and from an order refusing a new trial, and from
an order dismissing the motion for a new trial as to one defendant.

The facts are stated in the opinion.

*McKune & George*, for Appellants.

Upon it being shown that the consideration for the deed to
the plaintiff was paid by her brother, the presumption attached
that the conveyance was in trust for his benefit, and the burden
of proof was upon the plaintiff to rebut the presumption. This
she has not done. (Civ. Code, § 853; Perry on Trusts, §§ 126,
139; *Case* v. *Codding*, 38 Cal. 191; *Millard* v. *Hathaway*, 27
Cal. 119; *Bayles* v. *Baxter*, 22 Cal. 575; Hill on Trusts, 96,
97; *Dudley* v. *Bosworth*, 10 Humph. 9; *Madison* v. *Andrews*, 1
Ves. 58; *Forrest* v. *Forrest*, 37 Law J. Ch. N. S. 428.)

*Hart & White*, for Respondent.

*Young & Young*, for Administrator.

SEARLS, C. — Action to quiet title to the west twenty feet of lot number six, and the east five feet of lot number seven, in the block or square bounded by Fourth and Fifth, J and K streets, Sacramento.

Plaintiff had judgment, and defendant moved for a new trial, pending which motion J. S. Huntoon, administrator of the estate of E. L. Billings, deceased, one of the defendants, consented to the dismissal of the action as to him. The motion was overruled as to the defendants L. N. Billings and D. D. Billings, who appeal from the judgment, from the order denying the motion for new trial, and from the order dismissing, as to Huntoon, the motion for new trial.

E. L. Billings, who was a brother of appellants and respondent, died intestate in Sacramento, January 23, 1883. He was a native of Canada, and came to California in 1852, where he accumulated a large property and continued to reside until his death.

When E. L. Billings was about to come to California, his sister, the plaintiff, then twenty-one years of age and unmarried, was engaged in teaching school at eight dollars per month.

From her slender earnings she furnished him $100 to assist him in defraying the expenses of his journey. In 1858, according to the findings of the court, E. L. Billings procured the owners of the land in dispute to convey the same to his sister, the plaintiff herein, for a consideration of $7,000, which was paid by him.

Before that time, viz., on the 21st day of November, 1855, said E. L. Billings had procured the then owners of the premises to convey, and they had conveyed, the undivided one half of said premises to plaintiff, the consideration for which was paid by Billings.

Plaintiff was at that time in Vermont, and knew nothing of the conveyance to her until informed thereof by deceased, who at the same time requested a power of attorney from her authorizing him to take possession of, lease, and sell all lands which she had or might thereafter have in Sacramento City. She executed and returned to deceased the power of attorney.

The question in the court below was to the nature of the transactions by which title to the property vested in the plaintiff.

She claims the property was conveyed to her as a gift from her brother on account of the love and affection he bore her, while defendants, on the other hand, assert that the property was only conveyed to her as a convenience, and as a precaution against unforseen misfortunes in business, and that deceased having advanced the purchase money, plaintiff took the legal title in trust for him.

Under section 853 of the Civil Code, it is provided that "when a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

This presumption raised by law in favor of him by whom or for whom payment is made, is based upon the fundamental idea that the parties *must have intended* that he by whom or for whom the purchase price of land is paid should have an equitable interest therein.

Experience has found this intention to appear so uniformly in such cases as to warrant the inference or presumption of its existence in all cases. The only effect of this presumption is that it arises upon proof of the facts upon which it is predicated without further proof as to what the real intention of the parties may have been, but it is not an irrebutable presumption. It may be removed or overcome by proof, by showing that between him who advanced the consideration and the grantee it was *not intended* that a trust should arise in favor of the former.

That was the precise point to which evidence was introduced at the trial of this cause, and the findings of the court below are in favor of the plaintiff on all the issues.

We think there was testimony in favor of plaintiff sufficient to support these findings.

It would seem that plaintiff was the favorite sister of deceased. She furnished him, in part at least, with the means to come to California. It was with her he corresponded, and from her he sought and obtained information in reference to the other members of his family.

Bound to her by ties of affection as well as of blood, and under obligations to her for the aid which made his success in life possible, it is not deemed strange when fortune had favored

him, the deceased was disposed to place in the name of this valued sister the property involved in this action, in order that in case of death she might to that extent be preferred to the large number of his other heirs. Under such circumstances we cannot interfere with the findings of fact. It is objected that title to the east five feet of lot seven never vested in plaintiff.

A deed from Samuel Brannan to Daniel K. Brannan, dated October 11, 1851, and forming a link in plaintiff's chain of title, describes this land as follows: " Three fractions of lot seven, J and K, Fourth and Fifth streets, Sacramento City." This deed is void, for uncertainty of description, and no title vested in the grantee by virtue of said deed, to any portion of lot seven. (*Schackleford* v. *Bailey*, 35 Ill. 387; *Bean* v. *Thompson*, 19 N. H. 290; 49 Am. Dec. 154; *Haven* v. *Crain*, 1 N. H. 93; *Holmes* v. *Strautman*, 35 Mo. 293.)

It seems, however, that the grantee under the deed entered into possession, conveyed by deed in due form to one S. S. Crane, in 1854, under whom by sundry mesne conveyances plaintiff claims title.

The deed was sufficient to give *color of title* and possession under it for thirty years and upward by plaintiff, and her grantors claiming title is sufficient to give a perfect title under the Statute of Limitations.

But conceding that title to the fraction of lot seven never vested in plaintiff or her grantors, we fail to see how defendants are benefited thereby. They claim as the heirs at law of E. L. Billings. Their contention is that the very title they would assail is held by plaintiff in trust for them. Its existence is not denied; its validity is not assailed by their answer or cross-complaint, but as beneficiaries they ask that plaintiff be adjudged to convey to them.

There was a quit-claim deed from one Eli Mayo to E. L. Billings, dated August 8, 1868, admitted in evidence, covering lot seven, and a deed of bargain and sale to Mayo from L. H. Foote and Richard Jones, dated August 17, 1868, to this same lot.

As no title is shown in either or any of the parties thus conveying, nothing can be claimed for these deeds, except that they

gave to defendants' intestate color of title, under which to inaugurate an adverse possession to plaintiff; but this claim is met by the finding of the court that the intestate never did hold adversely, but always in subordination to the title vested in plaintiff.

The letter from E. L. Billings to his sister, the plaintiff, dated December 4, 1855, was properly excluded. It simply instructed plaintiff as to the proper course to pursue in executing the power of attorney, and contained news as to the health of the writer and mutual friends, and a few items of family matters, and while its admission could have done no harm, it was immaterial to the issues in the case.

The testimony of plaintiff on cross-examination, as to a conversation between herself and decedent, in 1859, when the latter visited Canada, was proper. She had been called by the defendants as a witness on their behalf, and an attempt had been made to prove by her that she had no knowledge of the deed taken in her name except that contained in the letters offered in evidence. It was under these circumstances proper to show, on cross-examination, that she had other knowledge, gained through her brother's statements, relating to the same subject-matter. Neither do we think the court erred in dismissing the motion for new trial, as to the administrator J. L. Huntoon, at his request. Appellants were in no way injured thereby.

By section 1452, of the Code of Civil Procedure, appellants, as heirs of E. L. Billings, may, in their own name, maintain or defend an action to quiet the title to the land in controversy.

This they have done as fully and effectually as though the administrator had continued to act with them.

The right of an administrator to judge for himself under such circumstances, when to cease litigation, cannot be doubted, and when we consider that judgment had been rendered against him, and that as the fruits of the dismissal of the motion for new trial, he was absolved from all claim for rents and profits, to which the estate in his hands would have been liable under the judgment, we concur in the wisdom of the policy as well as in the right to adopt it.

After a careful examination of the whole record we conclude the judgment and orders appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion the judgment and orders are affirmed.

Hearing in Bank denied.