[Sac. Nos. 942, 943, 944. In Bank.—October 3, 1904.]

JAMES BEN ALCORN et al., Appellants, v. HENRY BRANDEMAN, Respondent, (Case No. 942); C. A. HOWARD, Respondent, (Case No. 943); and E. GIESEKE, Respondent, (Case No. 944).

ACTION TO QUIET TITLE—SUFFICIENCY OF COMPLAINT—JUDGMENT UPON DEMURRER—CASE AFFIRMED.—The complaints involved upon each of the present appeals being substantially the same and involving the same question as the complaint which was held sufficient to warrant reversal of a judgment upon demurrer in the case of *Alcorn v. Buschke*, 133 Cal. 655, that case is affirmed and applied in reversal of the judgments upon demurrer here involved.

ID.—VOID DECREE OF PARTIAL DISTRIBUTION—PETITION BY ADMINISTRATOR—QUESTION AS TO ESTOPPEL NOT PRESENTED UPON DEMURRER.— Where the complaints set forth a decree of partial distribution upon petition of the administrator, which is void, and which was set up solely as one of the sources of the defendants' claim of title alleged to be without right, and alleged that the plaintiffs neither authorized or were cognizant of them, and never consented, agreed to, or approved thereof, and does not allege that plaintiffs took under the decree, the question whether they were estopped by taking thereunder from questioning its validity is not presented upon the demurrer, and can only be raised by appropriate pleading and proof.

ID.—TITLE OF ADMINISTRATOR AS HEIR—QUESTION INVOLVED NOT GOING TO SUFFICIENCY OF COMPLAINTS.—Where the plaintiffs derive title to two thirds of the property from other heirs, and as to one

third thereof by conveyance from the administrator as an heir, questions which may arise as to the effect of the decree of partial distribution had at the administrator's request, upon his own interest, and as to whether the petition and decree did not operate as a ratification of a deed under the power of attorney involved in the cases, do not affect the sufficiency of the complaints as to the other two thirds of the property, and the demurrers thereto were improperly sustained.

APPEALS from judgments of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court in this case, and in the case of *Alcorn* v. *Buschke,* 133 Cal. 655.

John B. Hall, and J. F. Ramage, for Appellants.

S. M. Spurrier, and A. C. White, for Respondents.

LORIGAN, J.—The appeals in all these cases are taken from judgments on demurrers to the complaints, the plaintiffs declining to amend, and, in the main, no different questions are presented now than were submitted and disposed of in the case of *Alcorn* v. *Buschke,* 133 Cal. 655, wherein the complaint, except as to the names of the defendants and the descriptions of the property, was identically the same as those now challenged on these appeals. The allegations of the complaint, the grounds of attack upon it, and the conclusion of the court thereon, are set forth fully in the opinion in that case, and discussion of them here is unnecessary. (In the opinion in that case, as reported, there are two errors in dates. The deed from Sebree to the plaintiffs was June 6, 1900, instead of June 6, 1890, as stated, and in the first paragraph on page 657 the date of the deed by Kyle, as attorney in fact to Jennings, stated as October 17, 1896, should be June 26, 1896.)

It is contended, however, by respondents that one point is advanced by them on these appeals which was not presented or passed on in the above case. This is relative to the effect of a decree of distribution, the general terms of which are set forth in the complaint.

The plaintiffs sue as heirs at law and as grantees of one Sebree, the remaining heir at law of one McKinney, who died intestate, seized of the property mentioned in the complaint

and other property. Pending the administration of such estate, Sebree, who was administrator thereof, petitioned for a partial distribution of the estate, which was granted, the decree distributing to the defendants' predecessor the land described in the complaint, and to the plaintiffs and Sebree, as heirs at law of the decedent, other lands of the estate.

Notwithstanding this court held in *Alcorn* v. *Buschke*, 133 Cal. 655, that such decree was void for the reasons therein stated, still it is now insisted by respondents that it nevertheless appears from the allegations of the complaint, as they construe them, that the plaintiffs are estopped by their own conduct, and the conduct of Sebree, from questioning the validity of the decree and asserting title to the premises in dispute which the defendants claim under it.

In this regard it is claimed that they are especially estopped from asserting claim, under the deed from Sebree to them, of his one-third interest in the property as heir at law, because of Sebree's conduct in petitioning for and obtaining the decree of distribution of the particular land in dispute in favor of defendants' predecessor in interest, under whom defendants claim, and of which action and conduct on Sebree's part they had full notice and knowledge when they took the conveyance from him.

And that as to the original interest—two thirds—which plaintiffs claim as heirs at law of McKinney, respondents insist that as it equally appears from the complaint that plaintiffs actually took under the decree the other lands of the estate particularly distributed to them, and took advantage of and enjoyed the benefit which the decree gave them in that respect, they are estopped from now questioning its validity as to the interest acquired to the land in dispute by the respondents under the same decree; that they could not accept the decree in as far as it conferred advantages on them, and repudiate it as far as it attempted to confer advantages on others; that they must elect to be bound by it in its entirety or reject it in its entirety, and having elected to accept the benefits it conferred on them, are estopped to dispute defendants' rights under it, or to now question its validity.

As far as concerns the interest which the plaintiffs acquired to the lands in dispute under their conveyance from Sebree, a question may arise, not only as to the effect of the decree

of partial distribution, obtained at his request, upon whatever interest he might have had in the property distributed to respondents' predecessor under it, but whether his petition asking for such distribution to defendants' predecessor in interest and the distribution under it, did not operate as a ratification of a deed made by one Kyle under the power of attorney set forth and discussed in *Alcorn* v. *Buschke,* 133 Cal. 655.

This would not, however, of itself affect the sufficiency of the complaint in the cases now under consideration, because, independent of the one-third interest which plaintiffs claim to have acquired from Sebree, as heir of McKinney, the complaint would still be sufficient to support their claim as heirs at law of the said decedent for the other two thirds of the land described in it, unless the point made by defendants that they are estopped by the decree of distribution can be availed of on the face of the complaint, and we do not perceive that it can.

While the complaint sets forth in general the proceedings for distribution, and shows that distribution of the land in question was made to respondents' precedessor in interest, and that other lands were distributed under it to plaintiffs and Sebree, there is nothing whatever to indicate that the plaintiffs actually took any lands under said decree, or derived any advantage or benefit under it. The proceedings in partial distribution were averred by plaintiffs, in their complaint to quiet title, solely as being one of the sources of respondents' claim of title to the property in question, and which proceedings they alleged were totally void; that they neither authorized nor were cognizant of them, and never consented, agreed to, or approved of the object thereof.

Under these circumstances the benefit of the rule of law which respondents contend for is not available to them upon the face of the pleading. If the facts (which they incorrectly infer are all set forth in the complaint, and upon which assumption they make the claim of estoppel) exist, they will have an opportunity of availing themselves of the rule of law contended for, by appropriate pleading and proof.

This additional point now urged on these appeals being without present merit, and as all the other points made to sustain the judgment have heretofore been disposed of ad-

versely to respondents in the case of *Alcorn* v. *Buschke,* 133 Cal. 655, the judgments in the three above-entitled causes are reversed, and they are remanded, with directions to the lower court to overrule the demurrers interposed in each case.

Henshaw, J., Shaw, J., Angellotti, J., McFarland, J., and Van Dyke, J., concurred.

Beatty, C. J., dissented.