[Civ. No. 735. Second Appellate District.—February 4, 1910.]

CHAS. F. EARLE, as Executor of Estate of WM. Y. EARLE, Deceased, Respondent, v. JOHN S. BRYANT, MAY ANN JUDSON, TIMOTHY JUDSON, JEFF BRYANT, AMANDA M. BRYANT, JOHN S. BRYANT, as Administrator of Estate of WILLIAM BRYANT, Deceased, and of Estate of ELIZABETH BRYANT, Deceased, Appellants, and CATHERINE HARTELL and J. E. HARTELL, Codefendants.

STATUTORY TRUST—PRE-EMPTION CLAIM BY DECEASED HUSBAND—PATENT ACQUIRED BY WIDOW WHILE ADMINISTRATRIX—TRUST FOR HEIRS.— Where a husband claiming a pre-emption right died without title, and his widow, while his administratrix, filed another pre-emption claim and acquired a patent in her own name, she took the legal title, not as administratrix, but as a statutory trustee under sec-

tion 2269 of the Revised Statutes of the United States, for the benefit of the husband's heirs.

CONSTRUCTIVE TRUST—CONVEYANCE FOR VALUE TO THIRD PERSON—LEGAL TITLE—STATUTE OF LIMITATIONS.—Where the widow, without distribution of title to the heirs, conveyed the same for value to plaintiff's testator in his lifetime, the grantee became merely a constructive trustee of the title, and the statute of limitations began to run against the heirs from the date of the conveyance.

ID.—RULE IN CASE OF EXPRESS TRUSTS INAPPLICABLE—DISAFFIRMANCE NOT REQUIRED.—The rule applicable to express and continuing trusts, that the statute does not begin to run until the trust is repudiated, has no application to a trust which is involuntary or constructive. No disaffirmance of a constructive trust is required to set the statute in motion.

ID.—LONG PENDENCY OF ADMINISTRATION NOT TOLLING STATUTE.—The pendency of the administration of the estate of the deceased husband for more than twenty years cannot be said to toll the statute in favor of the heirs of the deceased husband, who were entitled to the possession of the real estate belonging to them after the time for presentation of claims had expired, when the property was not sold to pay debts or expenses of administration, and they might have brought an action to quiet their title.

ID.—ACTION BY PLAINTIFF TO QUIET TITLE—TITLE BY ADVERSE POSSESSION UNDER COLOR OF TITLE SUFFICIENT.—In an action by the plaintiff to quiet title against the heirs, title by adverse possession under color of title established by the plaintiff is sufficient to sustain a judgment in plaintiff's favor.

ID.—ACQUISITION OF PRESCRIPTIVE TITLE.—Where the grantee at the date of the patentee's deed took possession of the land granted, improved it, and paid all taxes assessed against it, and his occupation and possession from such date in 1886 were open, notorious and exclusive until his death in 1905; and his executor continued such possession and payment of all taxes in the same manner, and where it appears that all of the defendant heirs lived in the same county with the grantee and his executor, and had knowledge of the conveyance from the patentee, and made no claim to the property prior to this action to quiet the estate's title against them commenced March 12, 1907, a prescriptive title was fully made out, in support of the action.

ID.—CASE SUBMITTED UPON AGREED STATEMENT OF FACTS—FINDINGS NOT REQUIRED.—Where the case was submitted upon an agreed statement of facts, no findings of fact are necessary.

ID.—MOTION FOR NEW TRIAL—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE—CONCLUSIONS OF LAW.—Where a motion for a new trial specified insufficiency of the evidence to sustain the findings, and appellant's brief upon appeal from the order denying the

motion is addressed to the conclusions of law from the agreed statement of facts, rather than to any inferences of fact therefrom, such matter is not ground for a new trial.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Nathan P. Bundy, and  Charles W. Hatton, for Appellants.

Chas. S. McKelvey, for Respondent.

TAGGART, J.—This is an action to quiet title.  The case was submitted to the trial court upon an agreed statement of facts.  Judgment was rendered in favor of plaintiff based upon full and complete findings made by the court.  Appellants moved for a new trial upon a bill of exceptions, in which the only exceptions, or alleged errors, presented consist of some ten specifications of the insufficiency of the evidence to justify or sustain the findings.  The appeal is from an order denying that motion.

Plaintiff claims title to the real estate in dispute as executor of William Y. Earle, deceased, to whom it was conveyed for a valuable consideration by Elizabeth E. Bryant, by deed dated November 24, 1886.  He entered immediately into possession thereof, improved the property by building a house and making other improvements, paid all taxes levied and assessed against the property, and his occupation and possession thereof were open, continuous and exclusive, until he died on October 22, 1905.  Since that time possession has been held and all taxes thereon paid by plaintiff in the same manner.  Defendants' predecessor in title was William Bryant, who, in his lifetime, was the husband of said Elizabeth E. Bryant.  Bryant settled upon said premises with his family in the year 1875, and continued to reside thereon until his death on December 22, 1882.  In 1877 he made application to the United States land office to enter a pre-emption claim upon a government fraction which included the land in controversy.  His application was rejected, but after successive appeals to the commissioner of the general land office and

the Secretary of the Interior, his application was directed to be received by an order dated on February 27, 1885. Elizabeth E. Bryant, who had been appointed administratrix of the estate of William Bryant, deceased, in January, 1884, thereafter, on the twenty-third day of March, 1885, entered the property as a pre-emption claim, and on January 12, 1889, the patent thereto issued in her name. The land was returned by said Elizabeth E. Bryant as a part of the estate of William Bryant, in the inventory and appraisement of said estate filed by her as administratrix, the said property being declared to be community in character. On October 11, 1884, a final account and petition for distribution was filed in said estate wherein distribution of said property to the heirs at law of William Bryant was prayed for. No decree of distribution was made and nothing further done in said administration. The petition, signed in the name of Elizabeth E. Bryant, by her attorney, enumerates all the defendants, except Timothy Judson and J. E. Hartell, as heirs at law of William Bryant, deceased, and declares them all to be adults, except Amanda M. Bryant, whose age is given at sixteen years. Knowledge on the part of William Y. Earle of the interest of the estate in the property mentioned, at the time he purchased, is admitted; and it is also stipulated that all of the defendants have lived in the county of Los Angeles near where said property is situated with knowledge of said conveyance since it was made, and have never made any claim to the premises until this action was commenced, May 13, 1907.

Accepting the view that the title to the land which Elizabeth E. Bryant obtained from the government created a trust for the benefit of the estate of William Bryant, deceased, under the provisions of section 2269 of the Revised Statutes of the United States as that section then stood, she did not hold the title as administratrix, but under a trust created by the statute. This being the case, the effect of her deed to William Y. Earle was to vest the legal title to the property in him. Her interest therein passed by the deed, and the trust which arose in favor of the other heirs of William Bryant was one created by operation of law and therefore a constructive one.

The cases cited by appellants to support their contention that the statute of limitation will not begin to run in favor of a trustee against parties claiming to be the beneficiaries of a trust, until there is a repudiation of the trust, relate to voluntary, continuing or express trusts, and not to those which are involuntary or constructive.

In the case of the trustee of an involuntary or constructive trust the statute of limitations commences to run as soon as that trust relation is created by devolution of the title of the trust property on him. No disaffirmance of the trust on his part is necessary to set the statute in motion. (*Norton* v. *Bassett,* 154 Cal. 411, 418, [97 Pac. 894].) The pendency of the administration for more than twenty years could not be said to toll the statute, as defendants were entitled to the possession of the real estate after the time for presentation of claims had passed, unless a sale of the property to pay debts or expenses of administration was necessary (Code Civ. Proc., sec. 1453) ; and appellants might have brought an action to quiet title at any time had they desired to do so. (Code Civ. Proc., secs. 1452 and 1581.) Title by adverse possession under color of title was clearly established by plaintiff. That is sufficient title to sustain the judgment of the court in plaintiff's favor.

Where a case is submitted upon an agreed statement covering all the facts of the case, no findings of fact are necessary. (*Gregory* v. *Gregory,* 102 Cal. 50, [36 Pac. 364].) The questions of law presented by appellants' brief relate to the conclusions of law of the court drawn from the statement of facts, rather than to any inferences of fact contained in the findings. A new trial could not effectively correct the errors complained of. (See *Swift* v. *Occidental Min. Co.,* 141 Cal. 166, [74 Pac. 700].) The questions, however, have been considered upon their merits, independent of the method of presenting them.

Order affirmed.

Allen, P. J., and Shaw, J., concurred.