[S. F. No. 8659. In Bank.—November 12, 1920.]

ROSE HARPER, Respondent, v. WARREN E. MURRAY, Appellant.

[1] HUSBAND AND WIFE—RELEASE FROM FURTHER PAYMENT OF ALI-MONY—ACTION TO RESCIND—MENACE—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by a divorced wife against her former husband to rescind a contract releasing him from further payment of alimony and to vacate an order modifying the decree of divorce in such respect, the complaint is sufficient, as against a general demurrer, where it is alleged that the defendant conspired with another man to have the latter gain the confidence of the plaintiff and compromise her in some fashion, which was done, and that the plaintiff, under the threat of the defendant to file affidavits accusing her of improper conduct and immoral relations, signed the release and permitted the modification of the decree.

[2] ID.—FALSE ACCUSATION OF IMMORALITY—MENACE.—A threat of a divorced husband against his former wife to disgrace and humili-ate her by charging her publicly with immoral conduct, knowing the accusation to be false, for the purpose of procuring her con-sent to a release from further payment of alimony, constitutes menace

---

1. Duress as ground of attack on divorce decree, note, L. R. A. 1917B, 457.

[3] ID.—GIST OF ACTION.—In such an action, the finding of the existence of the conspiracy is not essential to support a judgment for the plaintiff, since it is the fact of the false charge and its threatened publication, and not the manner in which the apparent foundation for it is laid, that is material.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Appellant.

Theodore J. Savage for Respondent.

SLOANE, J.—The complaint in this action sets forth that plaintiff and defendant were husband and wife; that they were divorced and that by the decree of divorce the plaintiff was restored her maiden name of Rose Harper, and was given judgment against defendant for alimony in the sum of one hundred dollars per month until further order of the court; that subsequently defendant obtained an order of court discharging said defendant from further payment of alimony; that such release was obtained through a purported agreement signed by plaintiff whereby, in consideration of a promissory note for three hundred dollars executed by defendant to plaintiff, the plaintiff released defendant from further payment of alimony; that said agreement was procured from plaintiff through menace, duress, and undue influence of the defendant. The facts pleaded as constituting the fraud, menace, and undue influence were that defendant conspired with one Esterbrook to have the latter gain the confidence of plaintiff and compromise her in some fashion that would enable defendant to procure a modification of the decree for alimony; that in pursuance of this plan Esterbrook made the acquaintance of plaintiff and made love to her, followed her from San Francisco to Los Angeles, where she had gone with her married daughter, invited her to his hotel to dinner, induced her to visit his room, where the defendant and a companion suddenly rushed in upon them and accused plaintiff of having improper relations with

Esterbrook. That thereafter defendant threatened plaintiff that he was about to file a petition to modify said decree of divorce by striking therefrom the provision for alimony, and would support his application by affidavits charging plaintiff with improper relations with Esterbrook unless plaintiff entered into the agreement of settlement and release already referred to. That the charges of impropr conduct were false and unfounded, but that in fear of the publicity, humiliation, disgrace, and embarrassment which would result from the filing of such affidavits, and because of the duress, menace, and fraud thus exercised, plaintiff signed the agreement and permitted the modification of said decree. That thereafter, having become free from the influence of such fear and menace, plaintiff served notice of the rescission of said contract, offered to return to defendant said promissory note and repay him fifty dollars that had been paid thereon. Plaintiff prays the court for rescission of said contract and that the order modifying her decree for alimony be vacated. A second cause of action sets up practically the same facts and alleges invalidity of the contract of settlement for want of consideration.

Defendant filed a general demurrer which was overruled.

[1] As against a general demurrer the complaint is sufficient.

On the trial of the case the court found for the plaintiff in substantially the language of the complaint and against the allegations of defendant's answer, and particularly that the plaintiff had not been guilty of any improper conduct or of immoral relations with said Esterbrook, but that defendant had threatened to file affidavits accusing her of such improper conduct and immoral relations unless she entered into the agreement to release him from further alimony, and that the agreement of release was made by plaintiff because of such threats and for no other reason. As its conclusion of law the court found that plaintiff was entitled to a judgment reviving her decree for alimony, and judgment was entered accordingly.

[2] Appellant contends that the findings of fact do not support the judgment. That the alleged menace, duress, and undue influence consisted merely of a threat to institute a proceeding in court which defendant was entitled to resort to, and that a compromise by plaintiff to avoid further liti-

gation was a legitimate settlement based upon a sufficient consideration. The position of appellant is not well taken. It was the threat to disgrace and humiliate plaintiff by charging her publicly with immoral conduct that constituted menace. The fact that the threatened accusations were untrue does not relieve the threat from its unlawful force, but enhances it. It may well be that if plaintiff had been guilty of the alleged immorality it would have constituted sufficient ground for demanding a release from further liability for alimony. But the court having found her innocent, and having found that the charges against her were false, and necessarily known to be false by defendant, his threat to thus assail her reputation was as directly a menace as if he had threatened her with bodily harm.

Appellant contends that certain of the findings are not supported by the evidence.

[3] First, that the evidence that defendant conspired with Esterbrook is insufficient. The evidence of such conspiracy is entirely circumstantial, but we cannot say that it was inconsequential, and in any event, such finding is not essential to support the judgment. It does appear from the testimony that defendant had employed a detective to obtain evidence against his wife, and that apparently through this source of information he followed plaintiff to the room in the hotel and on this circumstance trumped up a false charge against her. It is the fact of this false charge and its threatened publication, and not the manner in which the apparent foundation for it was laid, that is material.

The second insufficiency of proof alleged is as to the evidence supporting the finding that defendant used any threat to induce the release by plaintiff. The testimony on this point is that shortly after the hotel episode defendant's attorney approached the plaintiff's attorney and informed him that defendant was about to move the court for a modification of the decree for alimony; that he had discovered the plaintiff in *flagrante delicto* with Esterbrook and was going to base his application to the court upon affidavits containing such charge against the plaintiff. It is true there is no direct evidence that this communication to plaintiff's lawyer was made at the instigation or with the knowledge of defendant, and the circumstance standing alone might be in-

sufficient to bind the plaintiff, but it further appears that the plaintiff wrote a letter to the defendant prior to the settlement disclosing the information received from his attorney as to defendant's purpose, in which she bitterly denounces him for threatening to disgrace her. The letter contains the following language: "I have just received a letter from my attorney and you know what it contains. Has your love for money or other influences robbed you of all sense of honor and manhood? You mean to disgrace me and my daughter by accusations you see fit to bring to cheat me of my alimony which you justly owe me." / The settlement arrived at was conducted through defendant's attorney, and it thus sufficiently appears that defendant was informed before the agreement was signed that threats had been made as an inducement to the settlement. This state of the case is strengthened by the fact that no attempt was made by defendant to deny that he instigated and had knowledge of such threat, and availed himself of the results.

The evidence also sufficiently sustains the finding that the agreement of release from alimony was induced by fear of publicity and disgrace from the threatened accusations. The plaintiff so testifies and the circumstances are entirely consistent with her testimony.

In considering this entire case the significant fact is that the plaintiff had not been guilty of anything immoral and that defendant had seen nothing to justify accusing her of immorality. The trial court has so found upon evidence sufficient to make the finding conclusive on this appeal. That she had been indiscreet and had placed herself in a compromising position is evident from her own admission. There was enough foundation for the threatened accusation that she was discovered in bed with Esterbrook to make such accusation peculiarily damaging to her reputation. Had the charge been true, there would be reason to assume that the settlement was voluntary on plaintiff's part, induced by a knowledge of her guilt. But being innocent of any actual wrongdoing, it is reasonable to conclude that she only relinquished her right to future alimony because she was driven to it by the threat of defendant to take advantage of her indiscretion to ruin her reputation by a false accusation against her chastity.

We think the evidence is also adequate to show a sufficient offer of rescission.

Judgment is affirmed.

Olney, J., Wilbur, J., and Lawlor, J., concurred.