[Civ. No. 14015.   Second Dist., Div. One.   Sept. 30, 1943.]

MAUDE C. WILSON et al., Appellants, v. LULU F. STOUDAMIRE et al., Respondents.

Alexander L. Oster for Appellants.

Oliver M. Hickey for Respondents.

DRAPEAU, J. pro tem.—Plaintiffs' first amended complaint alleges that they are daughters of a decedent, that one of the defendants is the widow of said decedent, and that these three persons are the only heirs at law; that the decedent owned certain real property described in the complaint, that the plaintiffs own and are entitled to the possession of an undivided two-thirds thereof and that the defendants claim title thereto adversely to the plaintiffs, which claim is without right.

Answer was filed and the case came on regularly for trial. After the first witness was sworn, objection to the introduction of any evidence was sustained, and the case was dismissed, upon the ground and for the reason that the amended complaint failed to allege facts sufficient to constitute a cause of action.

Counsel for appellants cites no case in support of the appeal; counsel for respondents cites *Pryor* v. *Winter*, 147 Cal. 554 [82 P. 202, 109 Am.St.Rep. 162]. There the Supreme Court held that future interest may not be defeated or barred by alienation or other act of an owner of intermediate interests, and that the statute of limitations does not begin to run against remaindermen in favor of the grantee of a life estate until the life estate has terminated. Respondents quote a portion of the opinion in the Pryor case at page 558, reading as follows:

"For instance, in Section 1452 of the Code of Civil Procedure it is provided that the heirs or devisees may maintain an action for the recovery of the real estate against any one except the administrator or executor; but surely that provision could not be considered as applicable to a remainderman, although he may have received his estate through a devise, and, therefore, is literally in the general category of 'devisees'; it means only those heirs and devisees who have a present right of possession, and, therefore, a present cause of action as against every one except the administrator."

■ There is no dearth of California authority to settle the problem. In 1872 the following language was enacted by our Legislature as part of Code of Civil Procedure, section 1452.

"The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against anyone except the executor or administrator."

In 1931 the same clause was made part of Probate Code section 581, with the addition of the words, "but they are not required so to do." Prior to 1872 this particular clause was not in section 114, Probate Code of 1851, upon which Code of Civil Procedure, section 1452 was based.

In *Harper* v. *Strutz*, 53 Cal. 655, it was held that during administration the heir cannot maintain an action of ejectment or to quiet title. This case was cited in *Thorpe* v. *Sampson*, 84 F. 63, and is discussed in a note in 23 Am.Dec. at page 201, in which it is said: "This decision seems to be in defiance of the express language of the statute and in conflict with the opinion of the present court as announced in *Crosby* v. *Dowd*, November 29, 1880, 6 Pac. Coast L.J. 674."

All other California decisions which we have been able to find declare that the quoted clause as used in the Probate Code means what it says, and that the heir may bring the action pleaded in the complaint in the present case. (*McFadden* v. *Ellmaker*, 52 Cal. 348; *Janes* v. *Throckmorton*, 57 Cal. 368; *Tryon* v. *Huntoon*, 67 Cal. 325 [7 P. 741]; *Miller* v. *Luco*, 80 Cal. 257 [22 P. 195]; *Spotts* v. *Hanley*, 85 Cal. 155 [24 P. 738]; *Jordan* v. *Fay*, 98 Cal. 264 [33 P. 95]; *Phelan* v. *Smith*, 100 Cal. 158 [34 P. 667]; *Robertson* v. *Burrell*, 110 Cal. 568 [42 P. 1086]; *Toland* v. *Toland*, 123 Cal. 140 [55 P. 681]; *Alcorn* v. *Buschke*, 133 Cal. 655 [66 P. 15]; *Trubody* v. *Trubody*, 137 Cal. 172 [69 P. 968]; *Alcorn* v. *Brandeman*, 145 Cal. 62 [78 P. 343]; *Rogers* v. *Schlotterback*, 167 Cal. 35 [138 P. 728]; *Holland* v. *McCarthy*, 177 Cal. 507 [171 P. 421]; *Collette* v. *Sarrasin*, 184 Cal. 283 [193 P. 571]; *Harper* v. *Murray*, 184 Cal. 290 [193 P. 576]; *Earle* v. *Bryant*, 12 Cal.App. 553 [107 P. 1018]; *Miller* v. *Oliver*, 54 Cal. App. 495 [202 P. 168]; *Mau* v. *McManaman*, 29 Cal.App.2d 631 [85 P.2d 209].)

The order dismissing the action is set aside and the cause remanded to the superior court with instructions to proceed with the trial.

York, P. J., and Doran, J., concurred.