[Civ. No. 29412.   Second Dist., Div. Three.   Feb. 20, 1967.]

ALMA LAURA DOUBLE, Plaintiff and Respondent, v. EDWARD B. DOUBLE, JR., Defendant and Appellant.

Gill & Bowles and S. B. Gill for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

COBEY, J.—This is an appeal[1] from an order denying appellant's motion for termination of his permanent alimony obligation of $100 a month to respondent, his former wife, and granting to her counsel, without request therefor, $100 attorney's fees.[2]

The basis of appellant's motion was a claim that respondent had been living for some time with one Thomas Mowry in a meretricious relationship. In this connection the evidence taken at the hearing of the matter showed that Mowry did live with respondent for about six months before the hearing, and during this period he slept with her occasionally and paid her $25 a week for board, room and laundry. In 1961 the couple took a trip together to Oregon to visit one of respondent's daughters and her family. At the time of the hearing they had been going together about three years. For over two years respondent had been living at the place where she resided at the time of the hearing, but she did not show it as her home address. During this approximately two-year period, appellant saw Mowry's car parked with respondent's at respondent's place of residence "especially late at night" about half the time.[3]

In his declaration in support of his motion for a new trial of the matter and for vacating and setting aside the trial

---

[1] This appeal is also from a subsequent order which both denied appellant's motion for a new trial of the matter and his further motion to set aside and vacate the order summarized in the text of the opinion. In its first aspect, this subsequent order will be reviewed herein. (See Code Civ. Proc., § 956.) It is, however, nonappealable. (3 Witkin, Cal. Procedure, p. 2169.) In its second aspect the order is also nonappealable, under Code of Civ. Proc., § 963, subd. 2, because an appeal from this order would present the same questions on appeal as are presented by the appeal from the order under review. (*Ibid.*, p. 2167.)

[2] Pursuant to rule 12(a) of the Cal. Rules of Court, we have, on our own motion, ordered everything in the matter, which was offered at or used in the hearing below and which was filed or lodged with the superior court, to be transmitted to us.

[3] He used to go by respondent's place of residence about once a month.

court's order on the merits, appellant further stated that he had discovered additional evidence showing that prior to their taking the trip together to Oregon in 1961, respondent and Mowry had occupied together an apartment which was rented to Mowry and that such joint occupancy continued until they moved in February 1964 to respondent's present place of residence and that they resumed living together at such place immediately after the hearing of the matter in October of 1964. Appellant further stated in this declaration that he then had evidence showing that the 1961 trip to Oregon had actually been extended to Minnesota to visit Mowry's parents who were informed by the couple that they intended to wed.

An order for permanent alimony may be modified or revoked at any time at the discretion of the trial court except as to amounts already accrued. (Civ. Code, § 139.) Whether a particular order should be modified or revoked depends on the facts and circumstances of the particular case. A change of circumstances or conditions of the parties, with respect to the husband's ability to support the wife or the wife's need for such support, or both, must be shown; and the trial court's exercise of its discretion in the matter will not be disturbed unless an abuse of that discretion is established. (*Dean* v. *Dean*, 59 Cal.2d 655, 657 [31 Cal.Rptr. 64, 381 P.2d 944].)

No such abuse has been shown here. There is no evidence whatsoever in the record indicating any change in appellant's ability to support respondent. But there is testimony that she was never employed for any appreciable length of time during the more than 22 years of marriage and that she is not trained to do anything. On the other hand, with respect to her need for his support, there is testimony, which we have previously alluded to, that Mowry paid her, when living with her for about six months, $25 a week for board, room and laundry, but appellant's aforementioned declaration for a new trial was silent on the continuation of this contribution to her support by Mowry. Under these circumstances, we cannot say that the trial court abused its statutory discretion in the matter in refusing to terminate appellant's $100 a month permanent alimony obligation.

Appellant argues, nevertheless, that the mere existence of the claimed meretricious relationship between respondent and Mowry, is, in itself, a sufficient ground for termination by the trial court and this court of his just-mentioned permanent alimony obligation to respondent. But

he admits that the two California cases,[4] which he cites as authority for this proposition, did not so hold. In both of these cases, the statements of the court, relied on by him, are admittedly dicta. Moreover, in the one jurisdiction, cited by appellant, New York, where this appears to be the law, its basis is expressly statutory.[5]

Our statute does not so read. It is true that it expressly makes mandatory the termination of permanent alimony upon the remarriage of the supported party, but even this mandate may be defeated by the parties agreeing otherwise in writing. (Code Civ. Proc., § 139 *supra.*) Regardless of how we may feel about the morality of the claimed misconduct of respondent, the Legislature has not made such misconduct a statutory basis for termination of the permanent alimony as it has made, for example, the limited financial responsibility of "an adult male person assuming the role of spouse to the mother," whose family is receiving assistance under the Aid to Families with Dependent Children welfare program, the same as that of the stepfather of her children. (See Welf. & Inst. Code, § 11351.) In the latter case, the Legislature has expressly equated a marital and a nonmarital relationship; in the situation before us, it has not.

We turn now to that portion of the order appealed from which grants to respondent's counsel, without request therefor, $100 in attorney's fees.[6] Civil Code section 137.3, insofar as it is here relevant, provides as follows: "In respect to services rendered . . . after the entry of judgment, the court may award such . . . attorney's fees as may be reasonably necessary to . . . defend any subsequent proceeding therein, . . . and may thereafter augment or modify any award so made. . . .

"An application for an order making, augmenting, or modifying an award of attorney's fees . . . shall be made by

[4] (*Harper* v. *Murray,* 184 Cal. 290, 293 [193 P. 576]; *Grant* v. *Grant,* 52 Cal.App.2d 359, 362-363 [126 P.2d 130].)

[5] Section 248 of the New York Domestic Relations Law, insofar as it is here relevant, reads as follows: 'The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife.'

[6] "Defendant is ordered to pay plaintiff's attorney the sum of $100.00 as additional attorney's fees herein, payable at the rate of $25.00 per month on the 1st day of each month, beginning December 1, 1964."

motion on notice or by an order to show cause, except that it may be made without notice by an oral motion in open court.

"(a) at the time of the hearing of the cause on the merits; . . ."

Under this statute, insofar as it is here relevant, attorney's fees may be awarded only upon application therefor and such application must be made either by motion on notice, or by an order to show cause, or, without notice, by an oral motion in open court at the time the case is heard on its merits.

In the case before us, there is nothing in the record to indicate that any application whatsoever was made by respondent for attorney's fees for her counsel in any one of the three ways specified. The quoted language of the statute requiring such application is clear, unambiguous and mandatory. With respect to services rendered after entry of judgment, the requirement of the application for attorney's fees by an order to show cause or motion has been explicit in the statute since 1953. (Stats. 1953, ch. 620, p. 1864, § 1.) The present language of the requirement, adding the alternative of an oral motion, without notice, in open court at the hearing on the merits, was largely developed by the California Law Revision Commission in 1956,[7] and was enacted by the Legislature in its present form in 1957. (Stats. 1957, ch. 540, p. 1589, § 1.) Prior to these statutory enactments, case law required a motion for attorney's fees and an opportunity to be heard, for the one ordered to pay them, prior to such order. (*Burdick* v. *Burdick,* 95 Cal.App. 304, 306 [272 P. 752]; *Ralphs* v. *Ralphs,* 86 Cal.App.2d 324, 326 [194 P.2d 592].)

Accordingly, the order below is modified (Code Civ. Proc., § 53) by striking therefrom the language quoted in footnote 6 to this opinion. As so modified, said order is affirmed. The appeal from the subsequent order, mentioned in footnote 1 to this opinion, is dismissed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied March 6, 1967, and the opinion and judgment were modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied April 19, 1967.

---

[7] (See 1 Cal. Law Revision Com. Rep., B-5 - B-7.)