**Carmen Gogue ANDERSON, Plaintiff-Appellant,**

v.

**Joaquin V. E. MANIBUSAN (as administrator of the estate of Isabel Rivera Gogue, deceased), Paul V. Gregory and Isabel Gregory, Defendants-Appellees.**

**No. 26184.**

United States Court of Appeals, Ninth Circuit.

May 6, 1971.

Howard G. Trapp (argued), of Trapp & Gayle, Agana, Guam, for plaintiff-appellant.

Finton J. Phelan, Jr. (argued), Agana, Guam, for defendants-appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

PER CURIAM:

This appeal involves an interpretation of Guam Probate Code § 581.

Isabel Rivera Gogue had three heirs including Prudencio Rivera Gogue. Prudencio, now deceased, had four heirs including Carmen Gogue Anderson, the appellant, and one Maria Gogue Candaso. Maria Gogue Candaso was appointed administratrix of the estate of Prudencio but failed to qualify.

In a prior action in the District Court of Guam, No. 95–66, Maria Gogue Candaso, purporting to be the administratrix of the estate of Prudencio, filed an action to quiet title to certain lots alleged to have been deeded by Isabel Rivera Gogue to Prudencio and alleged to be part of Prudencio's estate. The defendants were Manibusan, administrator of the estate of Isabel Rivera Gogue and others. The district court held that the deeds were of no effect and that the lots remained in the estate of Isabel Rivera

Gogue. On appeal to this court, the judgment was affirmed. Candaso v. Manibusan (1969) 9 Cir., 405 F.2d 623.

Carmen Gogue Anderson, another heir of Prudencio, brought the action below to set aside the above judgment on the ground that Maria Gogue Candaso had been acting without representative capacity and that her prior suit and the judgment could not bind the other heirs of Prudencio.

The parties conceded and the trial court found that Maria Gogue Candaso had not qualified as administratrix of the estate of Prudencio and could not bind the estate by her actions in such representative capacity. However, the trial court held that the judgment in the prior action was binding on the plaintiff in this action, Carmen Gogue Anderson, "an heir of said decedent [Prudencio], because said prior action was maintained by another of said decedent's heirs, said Maria * * * Candaso."

The court relied on § 581 of the Probate Code of Guam. That section reads in part:

> "The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against any one except the executor or administrator, but they are not required so to do."

This section is taken from and is identical with § 581 of the Probate Code of California. It has long been established that the *heirs* may initiate an action to quiet title. Wilson v. Stoudamire (1943) 60 Cal.App.2d 642, 141 P.2d 457 and cases cited therein. No case has been cited or found where *one heir* could bind others heirs who were not parties, by such an action.

■ We hold that § 581 of the Probate Code of Guam must be read literally. The *heirs* may bring an action to quiet title, but one heir who brings such an action may not bind other heirs who were not made parties and were not served with process. A contrary holding would deprive persons of property rights without due process of law.

■ Appellant Carmen Gogue Anderson was not a party to the prior action. Although the trial court was correct in characterizing the prior action as one by an heir, since Maria Gogue Candaso had no administrative capacity, the judgment in the prior action cannot bind appellant.

The judgment is reversed.