[S. F. No. 2037.   Department Two.—August 8, 1902.]

W. A. TRUBODY et al., Appellants, v. JANE TRUBODY, Respondent.

ACTION TO SET ASIDE DEEDS—UNDUE INFLUENCE—COMPLAINT BY HEIRS. A complaint by the heirs of a decedent to set aside deeds made by the deceased to a second wife, which shows that the deceased was weak in mind and body and incapable of doing any business, and that at the date of the deeds he was mentally incompetent, and that such second wife took advantage of his weakness, and by her importunities and undue influence wrongfully and fraudulently, and without consideration, obtained the whole of his estate, of the value of forty thousand dollars, states a cause of action. The heirs were entitled to maintain the action.

ID.—STATUTE OF LIMITATIONS—GROUND NOT RAISED BY DEMURRER.— The action was not barred by the statute of limitations where it appears that one of the deeds sought to be set aside was within the statute, and that the four years' bar of the statute under section 343 of the Code of Civil Procedure, which was the only provision applicable to deeds appearing from the complaint to have been made more than four years before suit brought, was not specified in the demurrer.

---

[1] 10 Am. St. Rep. 495.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

D. H. Whittemore, for Appellants.

William F. Gibson, for Respondent.

SMITH, C.—Appeal from judgment against plaintiffs on demurrer to complaint. The defendant is the widow of John Trubody, deceased; the plaintiffs, his sons by a former wife. The suit was brought to set aside, on the ground of undue influence, certain deeds made by the deceased to the defendant.

The objections urged to the complaint are, that it does not state facts sufficient to constitute a cause of action; that the action cannot be maintained by the heirs in the absence of administration; that the cause of action is barred by the statute of limitations and by laches; that there is a misjoinder of causes of action; and that the complaint is uncertain, ambiguous, and unintelligible in certain particulars.

None of these objections are well taken.

The complaint—besides other matters—alleges unequivocally that subsequently to the year 1892, the deceased, by reason of an accident, became, and until his death continued to be, "weak in mind and body, . . . incapable of doing any business . . . [and] yielding and timid in disposition, and lost all strength of character and firmness of mind, and [was] wholly unable to withstand the arts and importunities of the defendant," who from the date mentioned "became, and was continuously to the day of his death, his sole confidential adviser"; and "that at the date of the deeds he was mentally incompetent to comprehend or understand the result of his acts," etc.; that, "taking advantage of his weakness, she obtained, without consideration, and by her importunities and undue influence, wrongfully and fraudulently" all his estate, which was apparently of the value of about $40,000, etc. It is also alleged, with regard to each piece of land, that the deed was obtained by fraud and undue influence, and without consideration. These allegations—not to speak of others in the complaint—are manifestly sufficient to show a good cause of action.

The other objections are equally untenable. The heirs could maintain the action. (Civ. Code, sec. 1384; Code Civ. Proc., sec. 1452.) The action was not barred. The last deed was made April 17, 1897, and the suit was brought within a year thereafter. As to the two other tracts, more than four years had indeed elapsed, after the execution of the deed, when plaintiff's ancestor died; but we are not prepared to hold that the statute could run against a man in the alleged condition of the deceased. It is, however, sufficient to say, on this point, that the four years' bar (Code Civ. Proc., sec. 343) —the only provision of the statute applicable—was not specified as ground of demurrer. There is no misjoinder of actions. The cause of action stated rests upon the charge of undue influence. The allegations as to other matters do not state any other cause or causes of action, but are obviously alleged as part of the charge of undue influence. The complaint is not uncertain, ambiguous, or unintelligible.

We advise that the judgment be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Temple, J., Henshaw, J., McFarland, J.