[Sac. No. 1159. In Bank.—April 15, 1905.]

LILIAN H. PAGE, Appellant, v. MARY A. GARVER, Respondent.

ACTION BY HEIRS—CANCELLATION OF DEED FOR FRAUD AND UNDUE IN-FLUENCE—RECOVERY OF REALTY—ABSENCE OF ADMINISTRATION.— An heir of a deceased person may, in the absence of administration, sue to cancel a deed obtained from him in his lifetime by fraud and undue influence, and to recover an interest in the real property so fraudulently obtained.

ID.—STATUTE OF LIMITATIONS.—The statute of limitations applicable to such action is the limitation of five years prescribed by section 318 of the Code of Civil Procedure, and not the limitation of six months after death, prescribed by section 353 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Kings County. H. Z. Austin, Judge presiding.

The facts are stated in the opinion.

H. Scott Jacobs, for Appellant.

T. E. Clark, for Respondent.

CHIPMAN, C.—The complaint alleges: That plaintiff is the widow of Samuel Page, deceased, who died intestate on

the twenty-fourth day of June, 1899, leaving him surviving his said widow, an unborn child, then *in esse,* who was thereafter, on October 28, 1899, born alive, but died the same day, and three sons, Elias, Henry, Solomon, and one daughter (defendant) by a former wife, who were and are the only heirs of said Samuel; that at his death the said Samuel "was seized in fee simple absolutely, possessed and entitled to the possession of and was the owner of a large amount of real property" (describing it); that on or about December 9, 1896, "with intent thereby to cheat and defraud the said Samuel Page and any other heirs and legal representatives than themselves that he might leave at his death out of the property above described and out of any property of which he might die seized and possessed and while the said Samuel Page, now deceased, was in a sick, weak, and exhausted condition and while he was by said sickness wholly incapacitated to do any business whatsoever through great physical weakness and unsoundness of mind and memory . . . the defendant and Solomon C. Page conspiring wickedly," etc.—then follow allegations with great particularity to the effect that by fraudulent and false representations and through their undue influence over him (fully set out) these two children of Samuel induced him to convey the land in question to defendant, and other of his property to Solomon not here involved. The complaint also alleges that as the widow of said Samuel and the mother of the said infant, Winifred, plaintiff is owner, by succession as such widow, and as the sole heir of the said Winifred, of seven fifteenths of said property, and entitled to the possession thereof; that plaintiff became acquainted with the said Samuel about January 27, 1899, prior to which time she knew nothing whatever of the fraud and deceit perpetrated on the said Samuel by the said defendant and the said Solomon, through their undue influence over him; that defendant has collected and appropriated to her own use the rents and profits of said land since said December 9, 1896. The complaint was filed July 17, 1901. Judgment is prayed for the cancellation of said conveyance of said land; for an accounting of the rents and profits; that defendant holds the title to said seven fifteenths of said land and said rents in trust for plaintiff, "and for all other legal and equitable relief."

A general demurrer for insufficiency of facts, lack of juris-

diction of the court to grant the relief, also for ambiguity and uncertainty, and because the action is barred by section 353 of the Code of Civil Procedure, was sustained, and plaintiff declining to amend, defendant had judgment from which plaintiff appeals.

The lack of jurisdiction as ground of demurrer is based on the failure of the complaint to show that there has been any administration of Samuel Page's estate.

The point urged by defendant as of most importance is, that plaintiff has failed to show that she has any interest in the property, or ever had any interest therein, and hence has no interest in the result of the suit as contemplated by section 367 of the Code of Civil Procedure. When Samuel died he was the equitable owner of the property, with the right to assert his interest and attack his conveyance to defendant on the grounds alleged in the complaint. Dying intestate plaintiff succeeded to a widow's interest in his equitable estate. (See Civ. Code, sec. 1386, subds. 2, 7.)

In the recent case of *Murphy* v. *Crowley*, 140 Cal. 141, an adopted daughter brought the action against the widow of plaintiff's adopted father on grounds similar to those here alleged. A demurrer was sustained to the complaint, alleging as grounds of demurrer insufficiency of facts, among other grounds, and also pleading subdivision 4 of section 338 of the Code of Civil Procedure, in bar of the action. The case went off on the statute of limitations, but it seemed to have been conceded that the action, brought by the heir of deceased, would lie. In *Truebody* v. *Truebody*, 137 Cal. 172, the action was to set aside a deed made by deceased in his lifetime to his then wife on the ground of undue influence. The plaintiffs were sons by a former wife. A demurrer to the complaint was sustained which alleged insufficiency of facts; that the action could not be maintained by the heirs in the absence of administration; that the action is barred by the statute of limitations and some other grounds. It was held that the facts were sufficient, and that the plaintiffs could maintain the action. (See, also, *Janes* v. *Throckmorton*, 57 Cal. 368; *Kimball* v. *Tripp*, 136 Cal. 631.) *Tully* v. *Tully*, 137 Cal. 60, relied on by defendant, was an action by the wife, then seeking a divorce from her husband, to set aside a conveyance made in fraud of her rights, by her husband to his children by a

former wife. The court held that her interest was a right to a lien on the land to secure payment of alimony, and that she could not divest the defendants of their title. Whether she could sue, had she been the widow instead of the wife, to set aside a deed of her husband procured through fraud and undue influence was a question not involved.

The points made by defendant's demurrer, except as to the statute of limitations, are decided against her in *Truebody* v. *Truebody*, 137 Cal. 172. Defendant's plea of the statute of limitations is decided adversely to her contention in *Murphy* v. *Crowley*, 140 Cal. 141, where it is held that the five-year statute (Code Civ. Proc., sec. 318) applies to cases of this character. (See, also, *South Tule Ind. Ditch Co.* v. *King*, 144 Cal. 450.)

It is advised that the judgment be reversed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.

Shaw, J., McFarland, J., Lorigan, J., Beatty, C. J.