### DRAKE et al. v. HIGH et al.

No. 8438—Opinion Filed March 12, 1918.

Rehearing Denied April 23, 1918.

(172 Pac. 53.)

**1. Mortgages—Foreclosure—Duress — Evidence.**

The evidence in this case is examined, and held, that the finding of the trial court that the note and mortgage sued upon were pro-

cured by duress is sustained by the evidence.

## 2. Abatement and Revival — Causes of Action Which Survive—Duress.

Where the execution of a mortgage is procured by duress, and the maker thereof dies, his or her heirs may set up, in an action to foreclose said mortgage, the defense of duress; or such heirs may maintain an action for the cancellation of said mortgage on said ground.

(Syllabus by Pryor, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Arthur F. Drake against E. C. High and others. From the judgment plaintiff and defendant Nannie M. Neale bring error. Affirmed.

A. D. Neale and George B. Denison, for plaintiffs in error.

F. O. Martin and George P Fogle, for defendant in error W. J. High.

W. H. Kornegay, for defendant in error C. E. High.

Opinion by PRYOR, C. This action was commenced on the 20th day of December, 1914, in the district court of Craig county by A. F. Drake against C. E. High, W. J. High, E. J. Drake, L. W. Clapp, Nannie M. Neale, C. D. Murdock, E. L. Blasingame, L. Houck, and J. V. Foster, to recover on a promissory note and to foreclose a certain real estate mortgage given to secure the same.

The petition states in substance: That on the 28th day of June, 1913, one Sarah E. High and C. E. High executed their promissory note to E. J. Drake for the sum of $396.19, due two years from date, bearing interest at 10 per cent. per annum from maturity. That before maturity plantiff, A. F. Drake, purchased said note from E. J. Drake for value. The said E. J. Drake indorsed said note to the plaintiff, A. F. Drake, as follows: "Pay to the order of A. F. Drake, without recourse. E. J. Drake." That at the time of the execution of said note the said Sarah E. High, to secure the payment thereof gave the said E. J. Drake a real estate mortgage on the N. ½ of the S. E. ¼ and the N. ½ of the N. E. ¼ of section 33, township 29, range 20, in Craig county, Okla. That the note is due and unpaid. The petition further alleges that Sarah E. High died after the execution of said note and mortgage leaving as her surviving heirs the defendants C. E. High and W. J. High; that the defendant L. W. Clapp holds a prior mortgage on the N. ½ of the S. E. ¼ above

securing the payment of $360; and that Nannie M. Neale holds a mortgage on a portion of the above-described property. The defendants C. D. Murdock and E. J. Drake made default, and defendants Blasingame and Houck failed to file disclaimers, and therefore are eliminated from the case.

The defendant W. J. High filed his answer denying the allegations of the petition except such matters as were admitted in his answer. He denies that Sarah E. High was the owner of the S. E. ¼ of section 33, township 29, range 20; he alleges that he is a citizen of the Cherokee Nation of one-eighth Indian blood; that said land was allotted to him as his proportionate share of the lands of said Nation; he admits that on the 28th day of June, 1913, he executed a deed to his mother Sarah E. High, on said land, but alleges that said deed was never delivered or recorded during the life of his mother. He further alleges that at the time of the execution of said deed he was a minor under the age of 21 years. He further alleges that there was no consideration passed from his mother to him for said deed. He further sets up several transactions between himself and Drake, wherein E. J. Drake had advanced him money during his minority, amounting to the sum of $244.63; he alleges that the note and mortgage were procured from his mother by means of fraud and duress; he alleges that the mortgage was a cloud upon his and his brother's title to the land of his mother and asked that same be canceled.

Defendant Nannie M. Neale filed her answer setting out that she was holder for value and in good faith of a certain promissory note given to C. D. Murdock by the said Sarah E. High, due in two years from date, and that said note was secured by mortgage given by said Sarah E. High to said Murdock on the S. E. ¼ of section 33, township 29, range 20, and asked for judgment on said note and foreclosure of said mortgage.

The defendant W. J. High filed his answer alleging that the execution of said note and mortgage was procured by means of fraud, threats, and duress, and without any consideration whatever, and that the defendant Nannie M. Neale had knowledge of the want of consideration and the fraud; also alleges that the said Murdock had advanced him money while he was a minor at various times and procured the execution of said note and mortgage from his mother by having him (W. J. High) arrested and by means of threats made by his agent and a peace officer that they would send him to

the penitentiary unless his mother executed said note.

The answer of C. E. High, in so far as material to this case, is the same as that of W. J. High. There is no contention made as to the validity of the note and mortgage of L. W. Clapp.

The cause was tried to the court without the intervention of a jury, and the court rendered its judgment in favor of the defendants W. J. High and C. E. High, with the exception that L. W. Clapp was given judgment for the amount of his note and judgment foreclosing a mortgage on the N. ½ of the S. E. ¼ of section 33, township 29, range 20, the allotment of Sarah E. High. From this judgment the plaintiff, A. F. Drake, and the defendant Nannie M. Neale appealed.

The assignment of error urged on appeal by the plaintiffs in error may be stated generally that the finding of the court is not sustained by the evidence. So far as the mortgage on the N. ½ of the N. E. ¼ is concerned, there can be no contention as to its being void. This land was a portion of the allotment of W. J. High, a citizen by blood of the Cherokee Nation, and it is undisputed that he was a minor at the time he executed the deed to his mother. This being true, it makes no difference whether or not the deed was delivered and recorded, the deed being void and conveying no title to the land; assuming that the same was properly executed and delivered, the mortgage given by Sarah E. High as to this portion of the land is absolutely void.

That threats of imprisonment and prosecution of a child made to the parent for the purpose of procuring the execution of a note and mortgage or other instrument constitute duress is too well settled to require discussion. Anderson v. Kelley, 57 Okla. 109, 156 Pac. 1167; Harris-Lipsitz Co. v. Oldham, 56 Okla. 124, 155 Pac. 865; Williamson-Halsell-Frazier Co. v. Ackerman, 77 Kan. 502, 94 Pac. 807, 20 L. R. A. (N. S.) 484. A thorough examination of the evidence as disclosed by the record establishes the following facts: That Sarah E. High lived with her son, W. J. High, in the town of Chetopa, Kan. That she was a citizen of the Cherokee Nation by blood, also was W. J. High, and the lands in controversy here were their respective allotments. That W. J. High had had various transactions while a minor with E. J. Drake, the payee in the note for $396.19, on which suit is brought by plaintiff, A. F. Drake, and C. D. Murdock, the payee in the other note in the sum of $672, on which Nannie M. Neale seeks recovery, whereby they had advanced him various sums of money for which he executed his note and gave mortgages on both personal and real estate. All of these transactions occurred while the said W. J. High was a minor. That on or about the 28th day of June, 1913, A. D. Neale, acting as an attorney and agent of E. J. Drake, filed information against W. J. High and had the said High arrested by the constable, R. B. Rhodes. That the said Neale went to the residence of Sarah E. High accompanied by said officer, and by threats made to Sarah E. High that they would send her son, W. J. High, to the penitentiary, and that by promising she would execute said note and mortgage the whole matter would be dropped, and there would be no further prosecution of said W. J. High, procured the execution of the note and mortgage to E. J. Drake. That the said Neale was acting as agent and attorney of E. J. Drake. The evidence further shows that the said Sarah E. High was a decrepit old Indian; that she was very feeble, both physically and mentally.

The note and mortgage made to C. D. Murdock were procured by the same parties, Neale and Rhodes, constable, through the same method, and by the same means of fraud and duress. It appears that as soon as the execution of these notes and mortgages was procured the said W. J. High was released from custody and the prosecutions immediately dropped and nothing further ever heard of them. Both notes and mortgages were given for the claims of E. J. Drake and C. D. Murdock claimed against her minor son, W. J. High, and without further consideration whatever. The evidence further shows that Neale not only acted as agent for the payees of said notes in procuring the execution of the same, but he was the agent of the purchaser in the negotiation for the same; that Nannie M. Neale is the wife of A. D. Neale and that he purchased the note which she holds himself for her as her agent; that A. F. Drake is a brother of E. J. Drake; and the evidence shows that A. D. Neale was acting as agent and attorney for both of the Drakes in the purported sale of the note from E. J. Drake to A. F. Drake. The said Neale had full knowledge of the means and method used to procure the execution of said notes and mortgages. The evidence shows that there never was any delivery of the note by E. J. Drake to A. F. Drake.

Weighing the evidence surrounding the execution of these notes and mortgages by Sarah E. High by the rule laid down by section 899, Rev. Laws 1910, "consent is deemed to have been obtained through one of the causes mentioned in the last section, only it would not have been given had such

cause not existed" (referring to duress), there is not the least doubt left in the mind after considering the circumstances that Sarah E. High would have executed said notes and mortgages in the absence of the fraud, duress, intimidation, and impositions practiced upon her by the agent of the payees and mortgagees accompanied by the peace officer. The plain fact of the case is there can hardly be conceived a case of duress which is consummated with so many aggravating circumstances. The acts perpetrated in the procuring and execution of these notes and mortgages are not only fraud in the very highest degree, but they have all the earmarks of compounding felonies. The circumstances in the case reasonably establish that the purported negotiation of the notes is a sham for the purpose of placing them in the hands of apparent innocent holders, that the collection of the same might be enforced and the fraud commenced in the execution of these notes might be finally consummated. Giving all the evidence and the circumstances as disclosed by the record a full and fair consideration, we cannot say that the lower court erred in its findings of fact, and therefore the findings of the lower court must be sustained.

The plaintiffs in error make the further contention that the defense of duress is a defense strictly personal to Sarah E. High, and that her heirs cannot interpose the same. In this contention there is no merit. The rules governing the defense of duress are the same as in other frauds, and where the execution of an instrument had been procured by fraud, duress, or undue influence, and the person defrauded dies, her or his heirs or representatives may interpose such defense when the instrument is attempted to be enforced in legal proceedings, or they may maintain an action for the cancellation on the ground of fraud, duress, or undue influence. Brown v. Brown, 62 Kan. 666, 64 Pac. 599; Trubody v. Trubody, 137 Cal. 172, 69 Pac. 968; 14 Cyc. 147.

Therefore the judgment of the trial court should be affirmed:

By the Court: It is so ordered.