Weygandt, C. J.
 

 The single question requiring consideration by this court at this time is whether an ancestor’s unimpaired right of action to set aside a fraudulently obtained conveyance of land descends to his heirs. Restated and simplified, the problem is whether such a right of action is wholly personal to the grantor and therefore abates. Or does it survive?
 

 The parties agree that the precise question has not been decided previously by this court. However, the plaintiff places some reliance upon certain language appearing in the opinion in the case of
 
 Brockschmidt
 
 v.
 
 Archer,
 
 64 Ohio St., 502, 60 N. E., 623, while the defendants quote a sentence from the opinion in the case of
 
 Stevens
 
 v.
 
 McCoy,
 
 60 Ohio St., 540, 54 N. E., 517. An examination of the two cases discloses that in neither was the instant question raised.
 

 Although the authorities are not in entire harmony, the general rule is that the right to cancel a deed obtained from a grantor by mistake, fraud, duress, or undue influence descends to the heirs if it existed in the ancestor unimpaired at the time of his death. 14
 
 *250
 
 Ohio Jurisprudence, 259; 2 A. L. R., 437; 33 A. L. R., 53; 18 Corpus Juris, 904;
 
 Walling
 
 v.
 
 Thomas,
 
 133 Ala., 426, 31 So., 982;
 
 Trubody
 
 v.
 
 Trubody,
 
 137 Cal., 172, 69 P., 968;
 
 Page
 
 v.
 
 Garner,
 
 146 Cal., 577, 80 P., 860;
 
 Re Blackinton,
 
 29 Idaho, 310, 158 P., 492;
 
 Warner
 
 v.
 
 Flack,
 
 278 Ill., 303, 116 N. E., 197, 2 A. L. R., 423;
 
 Flick
 
 v.
 
 Murdock,
 
 115 Kan., 862;
 
 Adkins
 
 v.
 
 Adkins,
 
 171 Ky., 762,188 S. W., 843;
 
 Aldrich
 
 v.
 
 Steen,
 
 71 Neb., 33, 98 N. W., 445;
 
 Hall
 
 v.
 
 Otterson,
 
 52 N. J. Eq., 522, 28 A., 907;
 
 Disch
 
 v.
 
 Timm,
 
 101 Wis., 179, 77 N. W., 196;
 
 Harding
 
 v.
 
 Handy,
 
 11 Wheat, 103, 6 L. Ed., 429. This is in conformity with the broad and liberal principle that heirs occupy the place of their ancestor and take the same interest in his property as he had at the time of his death. Likewise, this rule is consistent with the equally broad and liberal provisions of Section 11397, General Code, relating to the abatement of pending actions, and Section 11235, General Code, which reads as follows:
 

 “In addition to the causes which'survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
 

 This court is unimpressed with the defendant’s contention that the father’s right of action was of such a highly personal nature that it should be limited to him alone and not be permitted to survive and descend to his heirs. Neither is the court intrigued by the speculation that if the father had discovered the fraud in the brief interval before his death, he might have acquiesced in it. Courts should be zealous in discovering fraud and compelling restitution.
 

 The judgment of the Court of Appeals must be re
 
 *251
 
 versed and the cause remanded to the Court of Common Pleas for retrial.
 

 Judgment reversed and cause remanded.
 

 Matthias, Day, Zimmerman, Williams and Gorman, JJ., concur.