EYSENBACH, APPELLANT, *v.* REILLY ET AL., APPELLEES.

(No. 162—Decided March 15, 1951.)

Mr. *Robert Tait,* for appellant.
Mr. *George M. Monahan* and Mr. *Roy E. Layton,* for appellees.

GUERNSEY, J.   This is an appeal upon questions of law from a judgment of the Common Pleas Court of Auglaize County, Ohio, in an action, wherein the appellant, Rose Eysenbach, was plaintiff, and the appellees, LeRoy P. Reilly and Jane W. Reilly and the Home Savings & Loan Association, were defendants.

It is submitted to this court upon the pleadings and original papers and a transcript of the journal entry of judgment in the Common Pleas Court.

The petition of the plaintiff, omitting caption, signature and oath thereto, is in the words and figures following, to wit:

"Plaintiff Rose Eysenbach is the residuary devisee and legatee of Aldula Sharp late of the village of Cridersville, county of Auglaize and state of Ohio by virtue of a certain last will and testament of Aldula Sharp admitted to probate in the Probate Court of Auglaize County, Ohio, on July 27, 1949 as case num-

ber 18862 of such court which last will and testament may be found in Journal 65, page 402 of the records of such court.

"Plaintiff for her cause of action says that on or about the 31st day of May 1949 Aldula Sharp, a single person executed and delivered to the defendants, Le-Roy P. Reilly and Jane W. Reilly, husband and wife, a warranty deed to the following described real estate situated in the village of Cridersville, county of Auglaize and state of Ohio, to wit:

" 'Being inlot number eight (8) in Ezra DeLong's west addition to said village of Cridersville, Ohio.'

"Said deed was presented for record to the recorder of Auglaize county, Ohio on June 1, 1949 at 3:45 p. m. and was recorded on June 2, 1949 in deed volume 146, page 147 as instrument number 61328 of the records of the recorder of Auglaize county, Ohio.

"Plaintiff says that on the 31st day of May, 1949 and for sometime prior thereto, Aldula Sharp was suffering from the advanced stages of cancer and was weakened by disease and suffering; that she was on such date by reason of said physical weakness incapable of knowing and comprehending the consequences and nature of the transaction hereinafter set forth.

"That on or about the 1st day of May, 1949 the defendants LeRoy P. Reilly and Jane W. Reilly moved in with and into the home of Aldula Sharp and agreed to care for said Aldula Sharp and support her in return for the said Aldula Sharp permitting them to occupy and live in such property free from the payment of any rent; that on or about the 31st day of May 1949, the defendants, well knowing the physical weakness of said Aldula Sharp and her inability to appreciate the consequences of the transaction, abused their relationship and wrongfully and fraudulently in-

fluenced her so as to exert such a force as to control the free act of her will; induced unnatural and unwarranted resentment toward members of her family and procured from Aldula Sharp the aforementioned deed; causing and inducing said Aldula Sharp to execute and deliver said deed to them for the real estate hereinbefore described, reserving therein to said Aldula Sharp an estate for her life time with a further agreement on the part of the defendants that they would look after and take care of said Aldula Sharp for the rest of her life and would pay her funeral expenses.

"Plaintiff further says that at the time said deed was given the said Aldula Sharp was seventy-five (74) years of age and the defendants well knew that she was suffering from the advanced stages of cancer and was not expected to live much longer; that any value of any services the defendants LeRoy P. Reilly and Jane W. Reilly gave or could have given was far less than the value of the premises conveyed to them. Plaintiff further says that these acts and conduct of said defendants were not in good faith and the consideration for said deed was grossly inadequate.

"Plaintiff further says that the provisions of the will of Aldula Sharp hereinbefore set forth have been administered and the distribution under the will has been made and that all expenses of administration have been paid or secured to be paid; that under the provisions of said will this plaintiff as residuary legatee is entitled to receive such real estate herein described in the event this petition is granted and the transaction between the decedent and LeRoy P. Reilly and Jane W. Reilly set aside and held for naught.

"Plaintiff further says that on or about the 30th day of November 1949 the defendants, LeRoy P. Reilly and Jane W. Reilly executed and delivered to the de-

fendant, Home Savings & Loan Association of Wapakoneta, Ohio, their mortgage deed conveying said property to secure a loan of two thousand dollars ($2,000) which mortgage is recorded in volume 130 at page 515 of the mortgage records of Auglaize county, Ohio.

"Wherefore plaintiff prays that the deed from Aldula Sharp to LeRoy P. Reilly and Jane W. Reilly dated the 31st day of May 1949 be cancelled and held for naught and that the title to said property be quieted and freed from any right, interest, estate or claim of the defendants and that the defendants, LeRoy P. Reilly and Jane W. Reilly be required to account for the value of the use and occupancy of said property; that the mortgage to the defendant, Home Savings & Loan Association of Wapakoneta, Ohio, be set aside and held for naught and that the Home Savings & Loan Association of Wapakoneta, Ohio, be required to set up any interest that they might have in the premises and for all other and further relief to which the plaintiff may be entitled either in law or in equity."

To this petition, the defendants LeRoy P. Reilly and Jane W. Reilly filed a motion to dismiss for the stated reason that plaintiff is a stranger to the agreement between the above mentioned defendants, and there is no privity between them; that plaintiff did not except to the inventory in the estate of Rose Eysenbach, deceased, or to the assessment of inheritance tax therein, or to the final account therein, and is estopped from instituting a collateral action.

The defendant Home Savings & Loan Association also filed two motions to dismiss the petition, the first for the stated reason that the court lacked jurisdiction of the action, and the second for the stated reason that all matters pertaining to the last will and testament of Aldula Sharp, deceased, under which

plaintiff claims the right to bring her suit, are pending in the Probate Court of Auglaize County, Ohio, which court has sole jurisdiction of all questions pertaining to legatees or devisees under said last will and testament, as well as jurisdiction to hear a suit to set aside a deed to real estate which formerly belonged to said decedent, and determine then, if need be, the rights of any legatees or devisees under said will.

The defendants Reilly also filed a motion to strike certain words and phrases from the plaintiff's petition.

The defendant Home Savings & Loan Association also filed motion to strike certain words and phrases from plaintiff's petition.

The above mentioned motions were submitted to and heard together by the Common Pleas Court, no evidence being offered or introduced by any of the parties.

Upon such hearing the court rendered the following judgment upon its journal, which judgment, omitting caption and signature of the court, and the signed approvals of counsel, is in the words and figures following, to wit:

"This day this matter came on to be heard on the motion of the defendants, LeRoy P. Reilly and Jane W. Reilly, for an order dismissing the petition of the plaintiff; on the motion of the defendants, LeRoy P. Reilly and Jane W. Reilly, to strike certain portions of her petition and to set forth what acts these defendants did to unduly influence Aldula Sharp and abuse their relationships; on the motion of the defendant, the Home Savings & Loan Association, to dismiss the petition for the reason that plaintiff is a stranger to the suit, is not a proper party plaintiff, is not duly interested in the real estate described in the petition, is not a relative or heir at law or next of kin of Aldula Sharp, deceased, and is not a devisee of Aldula

Sharp, deceased; on the motion of the defendant, the Home Savings & Loan Association, to dismiss the action for lack of jurisdiction; on the motion of the defendant, the Home Savings & Loan Association, to strike certain portions of the plaintiff's petition. The court upon consideration of said motions finds that said motions are well taken and should be sustained. The court further finds that the allegations of the petition tending to prove fraud are not applicable so long· as there are no allegations in plaintiff's petition that the estate of Aldula Sharp ·is insolvent, and that the transfer herein was made to defraud creditors.

"The court, therefore, orders, adjudges and decrees that the motions heretofore filed herein by the defendants, LeRoy P. Reilly and Jane W. Reilly and the Home Savings & Loan Association of Wapakoneta, Ohio, are hereby sustained and the plaintiff is given twenty (20) days in which to amend her petition.

"Plaintiff not desiring to amend her petition, the court orders, adjudges and decrees that said petition be dismissed and judgment rendered for the defendants against the plaintiff for costs. Exceptions saved to plaintiff."

This is the judgment from which this appeal is taken.

The plaintiff assigns error in a number of particulars which are all to the effect that the judgment in every respect is contrary to law.

In its judgment sustaining each of said motions and dismissing the petition, the court was apparently laboring under the impression that the right to bring and maintain an action to set aside a deed executed by a testator upon the ground that it was procured through the exercise of undue influence vested in the executor of her estate.

This impression was incorrect.

In the case of *Czako* v. *Orban,* 133 Ohio St., 248, 13

N. E. (2d), 121, an action involving the setting aside of a deed for real estate executed by an intestate, it is held in the syllabus that "the right to cancel a deed obtained from a grantor by mistake, fraud, duress, or undue influence descends to his heirs if it existed unimpaired at the time of his death."

While we have found no Ohio cases involving the right to maintain an action to set aside a deed executed by a testator, upon the grounds mentioned, we find the general rule, based upon the decisions of courts of last resort of other jurisdictions, which we approve as the correct rule applicable to the instant case, in conformity with the rule above mentioned in the *Czako case,* and further prescribing that the right to maintain such an action vests in the devisees and not in the executor or administrator of a person who died testate.

This general rule, as stated in 12 Corpus Juris Secundum, 1029, 1030, Cancellation of Instruments, Section 53, is as follows:

"After the death of a person who was a party to a conveyance and who had a cause of action for its cancellation, the proper parties plaintiff are his heirs, or if a will disposing of the land in question has been duly admitted to probate, his devisees and not his executor or administrator."

Assuming, as we must assume, from the allegations of the petition in the instant case that the defendants Reilly procured the deed of the real estate in question through the exercise of undue influence over the testator, the testator, from the time she executed said deed until her death, had a cause of action for its cancellation which, by virtue of the provisions of her last will and testament making plaintiff her residuary devisee, vested in the plaintiff.

The right of plaintiff to have said conveyance set aside and her title to the real estate therein described

quieted, is subject, of course, to the right of the executor to subject the real estate to the payment of any legacies or debts of the testator and the costs and expenses of the administration of testator's estate, to the extent that funds of the estate are not available for the payment of the same.

As the plaintiff, as the residuary devisee of testator's estate, had the legal right to bring and maintain her action to set aside said deed, she was not a stranger to the action but the real party in interest, and, as such right was wholly apart from and independent of the administration of said estate, nothing she did or failed to do in connection with such administration proceedings estopped her from bringing and maintaining her action, and the Common Pleas Court, being a court of general jurisdiction, had the power to hear and determine said cause. 6 Ohio Jurisprudence, 585, Cancellation of Instruments, Section 47.

The motions of the defendants to strike certain words and phrases from the petition are predicated upon the stated reason that certain allegations of the petition with reference to plaintiff being the residuary devisee of the real estate in question are improper for the reason that the testator did not own the real estate in question at the time of her decease or at any time since she made the will.

We have already determined that the plaintiff had the legal right to bring and maintain this action in her capacity as residuary devisee and that said right was dependent upon a cause of action for the setting aside of said deed, existing in the testator at the time of her death, and not upon testator having title to the real estate at the time of the execution of her last will and testament or at her death.

The motions of defendants are further directed to that part of the prayer of the petition asking that "the title to said property be quieted," for the above stated

reason, and for the further reason that the action is not one primarily to quiet title but one to set aside a deed.

As we have already determined, the first stated reason would not warrant the striking of said phrase from the prayer of the petition nor would the second stated reason warrant such action, as the relief asked by way of quieting title is incidental to the relief asked by way of setting aside the deed.

The motion of the Home Savings & Loan Association to strike is further directed to the phrase in the prayer of the petition, "that the mortgage of the defendant, the Home Savings & Loan Association, be set aside and held for naught," for the stated reason that there are no facts or allegations set out in the petition warranting the cancellation of said mortgage.

It is true that there are no allegations in the petition, which, if proved, would warrant a court to decree cancellation of the mortgage in question, but this does not authorize or require the striking of said phrase from the prayer of the petition, it being immaterial as to what relief is asked in the prayer, as it is presumed that a court will grant only such relief as is warranted by the pleaded and proven facts. This motion is, therefore, not well taken.

For the reasons mentioned, the judgment of the Common Pleas Court sustaining the motions to dismiss said petition, and dismissing the same, and sustaining said motions to strike is erroneous in that it is contrary to law.

For this reason the judgment is reversed and the cause remanded to the Common Pleas Court with instructions to overrule all said motions, and for further proceedings according to law.

*Judgment reversed.*

MIDDLETON, P. J., and JACKSON, J., concur.